## F. A. CROSS *v.* NATHANIEL PIKE AND ROBERT PIKE.

### *Deed, Construction of. Fee. Easement.*

The deed conveyed a saw-mill, "with the privilege of occupying land in front of said mill and below the same, * * * sufficient for a timber yard adjacent to said saw-mill"; *Held*, that only an easement was granted in the mill yard.

TRESPASS for the entrance upon the plaintiff's close and cutting the grass. Heard on a referee's report, December Term, 1886, POWERS, J., presiding. Judgment on the report for the defendants.

*Walter P. Smith* and *L. P. Poland*, for the defendant.

The language used in the deed,—" privilege of occupying,"

etc.,—is the common and ordinary language when a license or permission is granted. The words are inconsistent with the idea of absolute ownership. If they convey a title in fee, it is unsafe to attempt to grant privileges of use. *Hale* v. *Barrows*, 22 Vt. 240.

*Nichols & Dunnett*, for the defendants.

It is a general principle that when property is granted all that is necessary to the enjoyment of the grant is impliedly granted as incident to the express grant.

The term "mill site" first used in the description is sufficient to convey the land upon which the mill stood, the water privilege connected with the mill, and the mill yard. *Jackson* v. *Vernidyea*, 6 Cow. 677; *Hapgood* v. *Brown*, 102 Mass. 452; *Forbush* v. *Lombard*, 13 Met. 109; *Whitney* v. *Olney*, 3 Mason, 280; *Farrer* v. *Cooper*, 34 Me. 394.

It follows, then, that this deed grants a fee in the mill yard unless the grant is limited by the words following, "with the privileges of occupying land in front of said mill and below," etc. Had it been the intention of the parties to limit the use of this parcel of land for the mere purpose of a mill yard, or so long as the mill should stand, they would have introduced some words of limitation into the deed; that he should occupy so long as the mill stood, or so long as it was occupied for a mill yard.

We say that the language, "the privilege of occupying land * * * sufficient for a mill yard," instead of limiting or qualifying the premises previously granted by the term "mill site," amount to an express grant of the mill yard. The words, "sufficient for a mill yard," are used as a measure of the quantity of the land conveyed. This particular parcel of land has been used for a mill yard at least forty-eight years, and its bounds had become definite.

The reasonable construction of the language of the entire deed evidences the intention of the parties to grant the title in fee to the mill ground. *Farrer* v. *Cooper*, 34 Me. 394;

*Monmouth* v. *Plimpton*, 77 Me. 556; *Hale* v. *Barrows*, 22 Vt. 240.

The opinion of the court was delivered by

TAFT, J.   The question in this case is whether the deed of Ephraim C. Parks to Daniel Pike conveyed a fee in the land occupied as a mill yard.  The description in the deed is as follows : " A certain mill site, situated in Concord, described as follows : It being a certain piece or parcel of land now occupied by a saw-mill, or on which a saw-mill now stands, situated a few feet below the grist-mill,  *  *  *  meaning to convey the land on which the saw-mill now stands, together with the mill thereon situate, with the privilege of occupying land in front of said mill and below the same, not interfering or obstructing the right of way to the flour-mill, sufficient for a timber yard adjacent to said saw-mill."

It is evident from the language used that the grantor intended to convey an interest in the mill and site, differing from the interest conveyed in the land used as a mill yard.   In the one case he conveyed the land, in the other the privilege of occupying the land.   If he was to convey a like interest in both pieces, why were the words "*privilege of occupying*" inserted ? The words, in the connection in which they are used in the deed, merely grant an easement, a right to occupy the yard in front of the mill, in connection with the mill.   They are plain, unambiguous, and we construe them as granting an easement only in the mill yard.

Judgment reversed, and judgment for plaintiff.