BUCKNER, Appellant, vs. HUTCHINGS, Respondent.

*September 30 — October 25, 1892.*

*Ejectment: Judgment in partition: Construction of deeds.*

In an action for partition, the lands in question were described in the complaint as a certain tract of fifty-one acres, and "also a strip of land one and one-half rods wide, as and for a right of way to and from said fifty-one acre tract, . . . which strip is a right of way through and over lands owned by" the defendant.  It was adjudged that the parties were "the *owners in fee* and tenants in common of the lands and premises described in the complaint." Under the judgment the lands were sold by a referee to the plaintiffs in that action, the deed describing the strip as above; and in a subsequent conveyance by them to the plaintiff in this action the strip was described as "a strip of land one and one-half rods wide, as and for a right of way to and from said fifty-one acre tract . . . which strip is a right of way."  *Held,* that the plaintiff in this action took only an easement or right of way over said strip, and could not maintain ejectment therefor.

APPEAL from the Circuit Court for *Waukesha* County.

This action was brought to recover possession of a strip of land one and one-half rods wide, described in the com-

plaint by metes and bounds, to and from a certain farm of fifty-one acres of land belonging to the plaintiff, the plaintiff alleging that he is the owner in fee simple of the strip of land claimed. The answer was a general denial.

It appeared: (1) That one Margaret Putnam, formerly Margaret Hutchings, died seised of the tract of fifty-one acres, and "also a strip of land one and one-half rods wide, as and for a right of way to and from said fifty-one acre tract, commencing," etc.; "which strip *is a right of way through and over lands owned by William H. Hutchings.*" (2) That deceased left three children, namely, Mary M. Howie, Samuel E. Hutchings, and said *William H. Hutchings,* as her only heirs at law, all upwards of twenty-three years of age; and the county court decreed and set over the land and right of way to them as tenants in common. A partition suit was subsequently brought in the circuit court, in which Mary M. Howie and Samuel E. Hutchings and wife were plaintiffs, and the said *William H. Hutchings,* the defendant in this action, was defendant. The complaint set out the title of the parties in substance as hereinbefore stated, and prayed for a partition. The defendant, *William H. Hutchings,* answered the complaint, admitting its allegations, but alleging that the premises could be partitioned into three parcels of equal value without prejudice to the interests of the owners. It was adjudged in that action "that the allegations contained in the complaint are true; that the plaintiffs and defendant *are the owners in fee and tenants in common* of the lands and premises described in the complaint," each owning in fee an undivided third interest and part thereof, and that the premises should be sold, etc.; and they were accordingly sold under the judgment, by a referee, to the plaintiffs in said suit, Mary M. Howie and Samuel E. Hutchings, and the sale and deed thereof were confirmed. The premises in dispute are described in the referee's deed as "a strip of land one and one-half rods wide, *as and for a right of way* to and from said fifty-one

acre tract, commencing," etc.; "which strip is *a right of way through and over* lands owned and occupied by *William H. Hutchings.*"

Afterwards, October 5, 1889, the grantees in said deed granted and conveyed to the plaintiff, *Buckner*, the said premises, together with the strip of land in dispute, describing it as " a strip of land one and one-half rods wide, as and for a right of way to and from said fifty-one acre tract, commencing" etc.; " which strip is *a right of way*, all in Waukesha county, Wisconsin." The plaintiff showed no other title to this strip, and the court, on motion of defendant, granted a nonsuit, holding that the evidence did not show legal title in fee in the plaintiff to the strip in dispute, but only a right of way or an easement over it. The court nonsuited the plaintiff, and rendered judgment against him for costs, from which he appealed.

*D. H. Sumner*, for the appellant.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

PINNEY, J.  In the complaint in the partition suit, the premises in controversy in this action are described by metes and bounds, and as "a strip of land one and one-half rods wide, *as* and for a right of way to and from said fifty-one acre tract, . . . which strip *is a right of way through and over lands owned and occupied by William H. Hutchings,*" the defendant; and in his answer he admitted these allegations of the complaint. In the judgment in the partition suit it was adjudged that the two plaintiffs and defendant " are the owners *in fee* and tenants in common of the lands and premises described in the complaint," each owning in fee an undivided third thereof, and that the premises should be sold by a referee, etc. The judgment for partition is conclusive and binding on the parties to it and their privies, as to their title, although it does not

follow the allegations of the parties in their pleadings. *Allie v. Schmitz*, 17 Wis. 170. It is the judgment and not the allegations of the parties which is binding; and the fact that it is contrary to the state of title alleged in the complaint and admitted in the answer only shows that the judgment may have been erroneous. The court had jurisdiction of the parties and of the subject matter, and had power to decide the case erroneously and make its decision binding and conclusive whenever brought in question collaterally. Its judgment could be avoided only by a direct proceeding for that purpose, such as an appeal. Upon this ground the plaintiff insists that, as grantee of the plaintiffs in the partition suit, who purchased at the referee's sale under it, he is the owner of the strip in question in fee, and entitled to recover it as against the defendant who was also the defendant in the partition suit. Whether the fact that the sale and conveyance by the referee of this strip *as* and for a right of way over and across the defendant's lands was confirmed by the court may modify the effect of the judgment, it is not now material to consider.

The difficulty with the plaintiff's contention consists in the fact that, however broad and comprehensive the language of the judgment in the partition suit, yet his title is limited by the terms of the referee's deed of the fifty-one acres and of the strip in question to the plaintiffs in the partition suit, Mary M. Howie and Samuel E. Hutchings, and by the terms of their deed to him, in both of which this strip is described, in addition to the fifty-one acres, as "a strip of land one and one-half rods wide, *as and for a right of way to and from* said fifty-one acre tract [describing it by metes and bounds], *which strip is a right of way through and over lands owned and occupied by William H. Hutchings*," who is the defendant in this action. It will be seen that this strip is clearly stated to be conveyed *as and*

*for* a right of way *over and through lands owned and occupied* by the defendant. With these clear and explicit terms qualifying the grant, it is impossible to hold, consistent with legal principles, and without rejecting an important provision of the grant, that the conveyances under and through which the plaintiff seeks to make proof of title conveyed to him this strip in fee. If the language in question was descriptive merely, as in some of the cases cited by plaintiff's counsel, a different conclusion might be reached. These deeds convey, we think, only a right of way over lands " owned and occupied " by the defendant, and that he is concluded, by the express words of the deeds through which he claims, from denying that the defendant is the owner of the strip in question, and from claiming more than an easement or right of way over it. The cases of *Robinson v. Missisquoi R. Co.* 59 Vt. 426; *Cross v. Pike,* 59 Vt. 324; *Jamaica Pond Aqueduct Corp. v. Chandler,* 9 Allen, 163, 164; *Lehndorf v. Cope,* 122 Ill. 326 — will be found to sustain the view we have taken of the operation and effect of these deeds. The subsequent general language contained in them, relied on by plaintiff's counsel, relates only to the lands and interest described in them, and cannot have the effect to do away with the express provision as to the character of the interest, and the purpose, as well, for which it was granted. The case of *Vail v. L. I. R. Co.* 106 N. Y. 283, is clearly distinguishable, in that in that case the conveyance did not, as in this case, contain a clear recital that the strip conveyed for a right of way was *through and over* lands *owned* and occupied by a stranger; and the same remark is true of the case of *Coburn v. Coxeter,* 51 N. H. 158.

For these reasons we are of the opinion that the plaintiff took only an easement or right of way over the strip of land in question, and that he could not maintain ejectment therefor. *Racine v. Crotsenberg,* 61 Wis. 481; *Maurer v. Stiner,* 82 Wis. 99.

The plaintiff was properly nonsuited, and the judgment of the circuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.