# Overton *et al. v.* Moseley.

### *Bill in Equity for Injunction.*

1. *Deed, construction of; when easement not conveyed.*—A deed
recited how the "land" about to be conveyed became vested
in the grantor, its sale at public sale, and the grantee's
purchase thereat of two tracts described as being in the west
half of section 19, containing one hundred acres, more or less,
and "also a strip of land in the east half of said section, not
to exceed one rod in width and of which the center line shall
correspond with the center of the extension on said east half
of the ditch running west across lot No. 3, nor to extend
more than 130 rods beyond the west boundary line of said
section 19, it being intended that the purchaser of said lot
No. 3, his heirs and assigns, shall use said strip for the
sole purpose of enabling the owner of said lot No. 3 to secure
a free flow of water through the whole length of said ditch,
and shall not debar the owner of the lands adjoining said
ditch on the east half of said section from building fences
along or across said ditch, nor bridges across the same, in
such manner as will not prevent the purchaser of lot No. 3
from so using said strip as to secure a free flow of water
through the whole length of the ditch on said east half of
said section; also sixteen acres (describing another tract),
containing in all one hundred and sixteen acres, more or less.
at the price of $1,740. This was followed by recitals of com-
pliance with the terms of sale and the granting clause where-
by the property conveyed is mentioned only as "the land here-
inbefore described." *Held*: That the deed did not convey the

[Overton *et al.* v. Moseley.]

soil of the strip, but only granted an easement for drainage over the strip mentioned, making it an appurtenance of the land conveyed by said deed.

2.  *Same; conveyance of fee; restriction on use of land.*—A mere restriction on the use of land imposed by the terms of a deed will not prevent the passing of the fee under a clause appropriate for that purpose.

3.  *Same; meaning of term "land" in conveyance.*—Technically, the term *land*, by which conveyed property is designated, applies to corporeal property only, but may, when appearing to have been used with such intention, include an incorporeal interest in land.

4.  *Equity pleading; easements.*—An averment in a bill that complainant owns the land formerly owned by C. and derived title thereto from C. and that he has had adverse possession thereof for more than ten years, does not necessarily import that complainant owns or has acquired by adverse possession an easement C. had under his deed appurtenant to his lands and conveyed in the same deed with the lands.

5.  *Same; averment of facts; prescription.*—A bill seeking to establish a title to an easement by prescription must disclose by facts averred, rather than conclusions, that the user depended on has been adverse to the landowner, and continuously so, for at least ten years.

6.  *Easement; how created.*—A reference, in a deed of a servient tract, to a right of drainage appurtenant to an adjoining tract serves only to except and give notice of such right, and does not create the easement.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. W. H. SIMPSON.

This was a bill in equity filed by Daniel A. Moseley against David D. Overton and others, to enjoin the defendants from obstructing a ditch extending from complainant's land on to the land of the defendants, through which ditch complainant claimed the right to drain off the water from his land.

The bill alleged that complainant was in possession of the sixty-acre tract and the forty-acre tract described in the opinion, and had been in the exclusive, open, notorious and adverse possession of said real estate for more than ten years next preceding the filing

of the bill, under color of title and claim of right, and
is the owner of the same in fee simple; that complainant
derived title thereto through the deed from Shelby,
trustee, to Cowley, mentioned in the opinion, a copy of
this deed being made an exhibit to the bill; that at the
time of this conveyance said Shelby, as trustee, had the
legal title to the northeast quarter of said section; that
defendants were (at the time of the filing of the bill)
joint owners of and in possession of the east half of said
northeast quarter; that when the said real estate owned
by complainant, and that owned by defendants, were
owned by one and the same person, a ditch had been
cut along the quarter section line between the north-
west and southwest quarters of said section 19 and across
the east half of the northeast quarter of said section, for
the purpose of draining said sixty-acre tract and forty-
acre tract; that said ditch did drain said lands and pre-
vent water from standing thereon, and said ditch has
been open and in use for said purpose for more than
thirty years until within the last twelve months, during
all of which time the same has been unobstructed and
open, and there has been a free flow of water through
the same; that said Cowley, under whom complainant de-
rived title to said sixty acres and forty acres, claimed the
right to have said ditch open for the purposes of drain-
age, and no one has ever denied the right of the owner
of said forty acres and said sixty acres to have said ditch
kept open, until within the last twelve months next
preceding the filing of this bill; that complainant dur-
ing the time he has occupied and owned said sixty acres
and forty acres, has kept said ditch open and has fre-
quently opened and cleaned said ditch both on com-
plainant's land and that of defendants; that said ditch
as it now exists is in the same place and runs exactly
as it has since it was first cut, and the right to have
said ditch kept open is secured and conveyed to this com-
plainant by said deed of Shelby, trustee, to Cowley, as
well as by long and continuous adverse use; that the
right to said ditch and the use thereof is also secured
to the owner of said real estate now owned by complain-
ant by a deed from Shelby, trustee, to persons under

whom defendants claimed, conveying said northeast quarter of section 19, said deed being made exhibit B to the bill; that complainant is advised that by reason of said long adverse user of said ditch by himself and those under whom he claims, by reason of said ditch having been cut upon the lands of defendants by the then owner of said lands and also the land of complainant, and the same having been upon the lands now owned by defendants at the time said lands now owned by complainant were conveyed to Cowley by said deed; Exhibit A, and by reason of the reservation contained in said deed, Exhibit B, he has an easement over the lands of defendants, and the right to maintain said ditch and have the same kept open so as to permit a free flow of water through the same for the purpose of draining complainant's said land; that defendants have within the past twelve months been threatening to close up said ditch and have in fact obstructed the same. An injunction is prayed, restraining and enjoining defendants from placing any other or further obstruction in said ditch or from otherwise preventing a free flow of water by means thereof from complainant's land and across that of defendants.

The material contents of Exhibit A. appear from the opinion. Exhibit B conveyed to persons under whom defendants claimed the northeast quarter of section 19, containing about 160 acres, and recited that it was sold "subject to the rights of Cowley and his heirs and assigns in relation to ditch on south part which are set forth in" deed, describing Exhibit A.

The defendants demurred to the bill upon the following grounds: (1.) It does not appear from the averments of said bill that the complainant therein has acquired by conveyance, assignment or otherwise, the right, title or interest of said Cowley in or to the strip of land mentioned in the deed of Shelby, trustee, to said Cowley, as conveyed to said Cowley for the purpose of enabling said Cowley to secure a free flow of water from any land conveyed to him. (2.) The averments of fact contained in said bills do not show that the com-

plainant has acquired the right of said Cowley in or to the ditch mentioned in said bill, but said bill merely states the opinion or conclusion of the pleader in that regard. (3.) The averments of fact contained in said bill do not show that the complainant has any right, tile or interest in or to the east half of said section 19, or any part thereof. (4.) Said bill does not allege or set forth how or by what means complainant acquired any right, title or interest of said Cowley in or to the ditch mentioned and referred to in said bill. (5.) Said bill does not show that complainant has any estate or interest in the strip of land occupied by said ditch. (6.) Said bill does not show that complainant has acquired by conveyance or otherwise any right or estate in or to said ditch.

These demurrers having been overruled, defendants answered, and upon final hearing on the pleadings and proofs a decree was rendered granting the relief prayed in the bill.

Defendants apeal, and assign as error said final decree, and the ruling upon said demurrers.

R. W. WALKER and STEELE & KING, for appellants. "In order to have a right of easement in or over one piece of land pass by the grant of another parcel, it must be an existing easement, actually appurtenant by use and enjoyment, and by having been exercised with the occupation of the latter parcel. It is not enough that the grantor, when he made his deed, had a right, in the nature of an incorporeal hereditament to an easement in other land, which he had never exercised or applied." Washburn on Easements (2d ed), 46-47; *Decorah Mill Co. v. Greer,* 49 Iowa 490.

No right can be acquired to an easement merely as appurtenant to land, the existence of which easement is suspended at the time the title to the land is acquired. *Munsey v. Proprietors of Union Wharf,* 41 Me. 34.

The rule is familiar that an easement, to pass by implication, must be apparently permanent, obvious and continuous.—*Bonelli v. Blakemore,* (Miss.) 14 Am. St.

Rep. 554; *Whiting v. Gaylord,* 50 Am. St. Rep. 94; Jones on Easements, § 25.

The throwing back of the water on Moseley's land for more than ten years was enough to perfect Overton's claim of immunity from such burden.—*Wright v. Moore,* 38 Ala. 596; 10 Am. & Eng. Ency. Law (2d ed.), 435, note 1.

Whatever rights Moseley may have acquired by the use of the ditch from the time he acquired his land are limited in extent to the actual user. That user never extended beyond the obstructions at the road crossing or to the high point in the ditch just after it enters the land still owned by the Overtons. By cutting the hole through the fill and by making the trench in the bottom of the ditch Moseley sought to enlarge his use of the ditch. Not until this was done was the Overton land damaged. The Overtons had a perfect right to prevent this damage to their land by restoring the ditch to the condition it had been in since long before Moseley acquired his land.—*Roberts v. Vest,* 28 So. Rep. 412; 126 Ala. 365; *Potter's Exr. v. Burden,* 38 Ala. 654; *Darlington v. Painter,* 7 Pa. St. 473; *Kauffman v. Griesemer,* 26 Pa. St. 407; Gould on Waters, § 342.

S. S. PLEASANTS and DOUGLASS TAYLOR, *contra.*

SHARPE, J.—It is in order to first consider whether the deed from Shelby, trustee, to Matthew M. Cowley conveyed an easement for drainage over the strip of land therein mentioned or the corpus of that strip. The deed begins with recitals of how the "land" about to be conveyed became vested in the grantor as trustee of a public sale of that "land" and of Cowley's purchase thereat of "sixty acres of the north part of the southwest and forty acres off the south side of the northwest quarter section 19, Township 1, Range 1, east, containing one hundred acres, more or less, and also a strip of land in the east half of said section 19, not to exceed one rod in width and of which the center line shall correspond with the center of the extension

[Overton *et al.* v. Moseley.]

on said east half of the ditch running west across lot No. 3 of the Samuel C. Townsend lands nor to extend more than 130 rods beyond the west boundary line of said section 19, it being intended that the purchaser of said lot No. 3, his heirs and assigns, shall use said strip for the sole purpose of enabling the owner of said lot No. 3 to secure a free flow of water through the whole length of said ditch and shall not debar the owner of the lands adjoining said ditch on the east half of said section from building fences along or across said ditch, nor bridges across the same in such manner as will not prevent the purchaser of lot No. 3 from so using said strip as to secure a free flow of water through the whole length of the ditch on said east half of said section; also sixteen acres in the northwest quarter of section 30 bounded, etc.  *  *  *  containing in all one hundred and sixteen acres, more or less, at the price of seventeen hundred and forty dollars." This is followed by recitals of compliance with terms of sale and the granting clause wherein the property conveyed is mentioned only as "the land hereinbefore described."

A mere restriction on the use of land imposed by the terms of a deed will not prevent the passing of the fee under clause appropriate for that purpose.—*United States Pipe Line Co. v. Delaware, etc. R. Co.,* (N. J.) 42 L. R. A. 572; *Soukup v. Topka,* (Minn.) 55 N. W. Rep. 824; *Vail v. Long Island R. Co.,* 106 N. Y. 283; *Kilmer v. Wilson,* 49 Barb. (N. Y.) 86.  But the intention as evidenced by the whole instrument is the true guide in determining whether in such case the land or a mere easement is conveyed.—*Sanborn v. Minneapolis,* 35 Minn. 314, 29 N. W. Rep. 126; *Flaten v. City of Moorhead,* (Minn.) 53 N. W. Rep. 807; *Robinson v. Missisquoi R. Co.,* 59 Vt. 426, 10 Atl. Rep. 522; *Allen v. The Wabash, etc., R. Co.,* 84 Mo. 646; *Pellissier v. Corker,* 103 Cal. 516, 37 Pac. Rep. 611; *Buckner v. Hutchins,* 83 Wis. 299, 53 N. W. Rep. 505.

Technically the term *land* by which the entire property is mentioned in this deed, applies only to corporeal property, but it may, when appearing to have been

used with such intention, include an incorporeal interest in land.—*Brower v. Tichenor*, 41 N. J. L. 345; *Freeholders v. Red Bank, etc., Co.*, 18 N. J. Eq. 91; *Boston Water Power Co. v. Boston, etc., R. Co.*, 23 Pick. 395. It is evident this conveyance was intended to include all the property recited to have been purchased by Cowley, and, therefore, if the interest purchased in the ditch was an easement only, that interest passed under the words "the land hereinbefore described."

As indicating that the soil of the strip was not so included it is noticeable, not only that its use is restricted to drainage, but that the recited total of acreage purchased equals that comprised in the tracts which are certainly conveyed, leaving no room for the inclusion of the strip. A like indication is furnished by the indefiniteness of the grant respecting the width of the strip. If intended to apply to soil, it may be the rule which favors the grantee in deeds of doubtful meaning, would save validity to this description by entitling the grantee to take to the designated maximum of width, yet in dealing with the question of intention it is inferable that had the soil of the strip been the subject matter of the grant, its quantity would have been better defined. There is inaccuracy of description, in that, the strip in question is said "to extend no more than 130 rods beyond the west boundary line of said section 19," which distance, if reckoned from the west boundary of the section, would not extend upon its east half where defendants own; but the deed corrects itself in this particular by designating the strip's location as in the east half of the section along the whole extension of the existing ditch. Upon these considerations we construe the Shelby deed as embodying the grant of an easement for drainage through the ditch in question, and as making it an appurtenance of the land alleged to be now owned by complainant.

It was possible for title to that easement to have become vested in complainant by a conveyance containing a description of the lands without mention of its appurtenances.—*McMahon v. Williams*, 79 Ala. 288;

*Webb v. Robbins*, 77 Ala. 176. And a contract to purchase land if he had such, without a conveyance, may be sufficient to invest him with a right to an easement, which equity would protect. But it was also possible for the easement to have been extinguished by abandonment, or by contract made before or in the act of complainant's acquisition of the land. So that the averments of the bill to effect that complainant owns the land and derived title thereto from Cowley do not necessarily import that complainant owns the easement Cowley had by the Shelby deed or any right of drainage Cowley may have acquired by alleged user of the ditch. The averment of complainant's adverse possession of the *land* for more than ten years does not serve to connect him with Cowley's title to the easement, nor does it imply that he held or acquired any interest in lands beyond the boundaries of that he was actually possessed of.

The bill alleges as a conclusion that a right to have the ditch kept open is secured to complainant by adverse use as well as by the Shelby deed, but the facts averred must be taken as the basis of complainant's rights, and they do not support that conclusion. They fail to show that complainant succeeded to the rights of Cowley except as to the land and his succession to that may, for all that appears, have been remote, and divested of all interest in the originally servient lands. So far as those facts relate to complainant's individual use of the ditch they are not inconsistent with a mere permissive user. A bill seeking to establish a title to an easement by prescription must disclose that the user depended on, has been adverse to the landowner, and continuously so, for at least ten years. *Wright v. Moore*, 38 Ala. 593.

The reference to Cowley's right of drainage contained in the deed of Shelby, trustee, to the grantees of the servient tract, served only to except and give notice of those rights. It did not create the easement, for that had already been done by the deed to Cowley.

In *McKinley v. Irvine*, 13 Ala. 693, this court stated as a rule of equity pleading, "the complainant must

show by his allegations in the bill that he is entitled to the relief which he seeks, and if he fails to set forth every essential fact necessary to make out his title to maintain the bill the defect will be fatal." In *Cockrell v. Gurley*, 26 Ala. 405, it was said to be a rule of universal application in equity as at law that "the title of the plaintiff should be stated with sufficient certainty and clearness to 'enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the case he is called upon to defend." These rules have been generally recognized and upheld. See *Rapier v. Gulf, etc., Co.*, 64 Ala. 330; *Goldsby v. Goldsby*, 67 Ala. 560; *S. & M. R. Co. v. Lancaster*, 62 Ala. 555; 1 Dan. Ch. Pr., 314. Applying them in the present case it must, for the reasons stated, be held that the demurrers to the bill were well taken. For the error in overruling them the decree will be reversed and the cause remanded.

Reversed and remanded.