SWAN E. SANBORN *vs.* CITY OF MINNEAPOLIS and others.

June 25, 1886.

Deed—Construction—Easement.—A deed construed, and held to grant a mere easement of a right of way as an alley, and not an estate in the land.

Taxes—Public Easements.—The rights or interests of the state in land are not subject to the provisions of the statutes for the assessment and collection of taxes, and over such rights or interests the courts can acquire no jurisdiction in proceedings to enforce the collection of taxes. Hence the public easement in a highway, street, or alley cannot be affected by a tax judgment against the land.

The plaintiff brought this action in the district court for Hennepin county, to determine the adverse claims of the defendants to a strip of land in the city of Minneapolis. The defendant the City of Minneapolis set up a dedication of the land in question as a public alley.

The action was tried, without a jury, by *Lochren, J.*, who directed judgment for the defendants. The facts appearing on the trial and found by the court were as follows: On July 27, 1874, one R. P. Johnson, then owner of the land in question, and his wife, duly executed and delivered the deed, referred to in the opinion as Exhibit B., which was in the following words:

"This indenture made this twenty-seventh day of July, in the year of our Lord one thousand eight hundred and seventy-four, between R. P. Johnson and Matilda Johnson, his wife, of the county of Hennepin, in the state of Minnesota, parties of the first part, and Frank Strobeck and others who do or may own property along the within-described alley, of the county of Hennepin and state of Minnesota, parties of the second part:

"Witnesseth, that the said parties of the first part, in consideration of the sum of one dollar ($1) to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell, and convey to the said parties of the second part, or their heirs and assigns forever, all the following described piece or parcel of land lying and being in the county of Hennepin and state of Minnesota, to wit: commencing eighty (80) feet southerly from the northwest corner of lot ten (10) in block one hundred and forty-three, (143,) in the easterly line of Fourteenth avenue south, in the city of Minneapolis, Minnesota, according to a plat now of record in the office of the register of deeds in and for Hennepin county, Minnesota; thence in an easterly direction, parallel with Washington avenue, one hundred and thirty-two (132) feet to the easterly line of lot nine (9) in above-named block; thence at right angles, in a southerly direction, and along said easterly line, thirteen (13) feet; thence at right angles, in a westerly direction, one hundred and thirty-two (132) feet to the easterly line of Fourteenth avenue south; thence at right angles, in a northerly direction, along the easterly line of Fourteenth avenue south, thirteen (13) feet to the place of beginning.

"The above-described property is deeded for alley purposes; and whenever it ceases to be kept and used for said alley purposes, this title will be null and void.

"To have and to hold the same, together with all the hereditaments and appurtenances thereto in anywise appertaining. And the said R. P. Johnson, party of the first part, does covenant with the said parties of the second part, or their heirs and assigns, as follows: That he is lawfully seized of said premises in fee-simple, and that he has good right and power to grant and convey the same; that the same is free from all incumbrances; that the said parties of the second part, their heirs and assigns, shall quietly enjoy and possess the same; and that the said parties of the first part will warrant and defend the title to the same against all lawful claims.

"In testimony whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"R. P. Johnson,          (Seal.)

"Matilda A. Johnson,     (Seal.)"

Afterwards, and on August 4, 1874, said R. P. Johnson caused a plat to be made of part of said block 143, in which plat the land described in Exhibit B was indicated as an alley, and was duly dedicated for that purpose. On August 5, 1874, the plat and dedication of the alley were accepted by a vote of the common council of the city of Minneapolis. Since August 5, 1875, this alley has been continuously used as a public alley. Notwithstanding this, the property included within the alley was placed on the tax list, and was sold for taxes of 1880 and 1881, and the plaintiff has acquired such tax titles, and has no other title.

*Ueland, Shores & Holt*, for appellant.

*Judson N. Cross, Rea, Kitchel & Shaw*, and *Snyder & Jamison*, for respondent.

MITCHELL, J. The first question in this case is whether the deed (Exhibit B) from Johnson to Strobeck conveyed the fee of, or only an easement in, the premises in controversy. It purports to be a deed between Johnson and wife, parties of the first part, and Strobeck, "*and others who do and may own property along the within-described alley,*" parties of the second part, conveying to the said parties of the second part the premises in question, which are declared to be "deeded *for alley purposes;* and whenever it ceases to be kept and used for said

alley purposes, this title will be null and void." Some parts of the instrument, if considered alone, would indicate a conveyance of the premises in fee. But if we adopt a cardinal rule in the construction of deeds, that it be made on the entire deed, and not merely upon a particular part, and, having thus taken the instrument by the four corners, we endeavor to ascertain its intent, which is the essence of every agreement, we will be led to the same conclusion to which the learned district judge came, viz., that this deed grants merely an easement of a right of way as an alley. The right granted has all the characteristics of a mere easement, as distinguished from an estate in the land.

In the first place, it is evident that what was granted was not intended to be an exclusive right or interest in Strobeck, but in him, and "others who do or may own property along *the within-described alley.*" Two distinct tenements are here referred to, viz., the property "along the within-described alley," and the land described in the deed, and here called an alley. A right of way as an alley was evidently intended to be imposed over the latter tenement for the benefit of the former. The right granted excluded the idea of the grantees taking actual possession. The right was merely one of accommodation (a right to pass over) as distinguished from those which are directly profitable. The grantee of such a right is not the owner or occupant of the estate over which the right of way is given. Such being the effect of this deed, Johnson remained the owner of the premises, and might afterwards dedicate the same as a public alley. Such dedication would not impair or interfere with the right of way granted to Strobeck.

If Johnson's attempt to make a statutory dedication was ineffectual because the map was not recorded, yet it appears from the findings of the court (fourth and fifth) that there was a good common-law dedication. There was on the part of Johnson, the owner of the fee, an appropriation of the land to this specific public use, and on the part of the public an acceptance of the land for such use. The appellant suggests, although apparently with doubt, that there cannot be any such thing as a common-law dedication of land for streets or alleys in the city of Minneapolis; that the statutory method pre-

scribed by section 21, chapter 8, of the city charter, (Sp. Laws 1874, c. 2, § 8, p. 114,) was intended to be exclusive. There is clearly nothing in this suggestion.

These premises, being a public alley, were exempt from taxation. It is claimed that this fact should have been made to appear by answer and proof in the tax proceedings, and that the tax judgment is now conclusive. Without entering at all upon the question of the conclusiveness of a tax judgment as against private persons,—which is now before us in another case,—it is clear that it can have no force or effect whatever as against the rights of the public in these premises. At common-law the title to all public highways was in the king, for the benefit of all his subjects. In this country such title is in the state, either directly or through municipalities, or such agencies as it may create for that purpose, for the use and benefit of all its citizens. The rights or interests of the state in land are not subject to the provisions of the laws for the assessment and collection of taxes. The courts cannot, in these tax proceedings, acquire any jurisdiction over these public rights or interests. The state cannot be subjected to the jurisdiction of the courts, nor be compelled to defend in them. This was suggested in *County of Chisago* v. *St. Paul & Duluth R. Co.*, 27 Minn. 109, (6 N. W. Rep. 454.)

Order affirmed.