EVALINA K. HOLLINS, Appellant, *v.* W. JENNINGS DEMOREST et al., Respondents.

Where the owners of a block of land in a city laid it out into lots, and sold and conveyed a corner lot, subject to a right of way, fifteen feet in width across the rear thereof from the side street, "for horses, carriages and carts for the private convenience of the owners" of other lots, the way "to be kept open    *    *    *    for the uses and purposes aforesaid and no other," *held*, that the grantee and his successors in title were not restricted from building over the way, so long as they left it open the specified width, and to a heighth sufficient so as not to interfere with the passage of "horses, carriages and carts" through and along it; that they were not required to keep the way open for the purpose of furnishing light and air to buildings on the other lots.

(Argued December 21, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made May 8, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought to restrain defendants from erecting a building over, or otherwise obstructing, a way.

John Cowman in 1832 died seized in fee of the block of land bounded by Fifth avenue, University (formerly Union) place and Sixteenth and Seventeenth streets. Said Cowman left a will, which was admitted to probate, whereby he authorized his executors to sell his lands at public or private sale. The executors, in 1836, concluded to offer for sale twenty-eight lots in that block, and placed on record a written instrument executed by them, commonly known as a deed poll. They at the same time filed a map of the block showing the

lots fronting on Fifth avenue as numbers 1 to 7 inclusive. Across the rears of lots 1 and 2 and 5, 6 and 7, was shown a space designated as "way" fifteen feet wide. The deed poll, among others, contained a clause whereby the executors declared:

"That the said 28 lots are, and shall be, subject to the following clauses, conditions and covenants, namely:" * * * "Also that fifteen feet in width across the rear of lots 1 and 2 on said map, shall be subject to a right of passage for horses, carriages and carts for the private convenience of the owners of lots 1, 2 and 3 on said map, and of their heirs and assigns, and their tenants respectively, actual occupants of the said lots, to and from Sixteenth street; also that fifteen feet in width across the rear of lots 5, 6 and 7, shall be subject to a similar right of way for the owners of lots 4, 5, 6 and 7, their heirs and assigns, and their tenants respectively, actual occupants of the said lots, for a passage from the rear of said lots from Seventeenth street, * * * and at the entrance of each of said ways into the street a proper and suitable gate with lock and key is to be kept and maintained, and the passage-way kept open and in proper order, etc., as a private passage-way for the uses and purposes aforesaid and no other."

The deed poll also contained the following clause: "Every purchaser accepting a deed of the said executors shall be deemed thereby as assenting to the terms and conditions aforesaid, as imposed for the advantage of each and every other purchaser."

Plaintiff obtained title through various mesne conveyances to lot No. 5.

Defendant Austin owns the northerly part of lot No. 7, which was conveyed by the executors of Cowman to Lois Cogswell by deed dated April 21, 1836. This deed recited the deed poll, and states that the conveyance is "subject, however, to all and singular the clauses, conditions and covenants in said deed poll expressed, so far as the same are applicable to the said premises hereby granted." All the subsequent conveyances contain the same provision and convey the premises subject to the deed poll. In 1890, defendant Austin executed a lease of her lot to defendant Demorest for ten

years, with the privilege to Demorest to make improvements and alterations to said premises at his expense, and of purchasing the premises within two years. The lease provides that in case a conveyance shall be made it shall be subject to the terms and conditions of said deed poll.

At the commencement of the action Demorest claimed the right under his lease to extend and was preparing to extend, and has since extended the building on the front of the lot over and across the way, supporting the rear part on iron columns one foot in diameter, placed on the extreme easterly side of the way, leaving an open space under the building through its whole width, fifteen feet in height and fifteen feet and nine inches in width.

More than twenty years before the commencement of this action, Lydia Griswold, the former owner of plaintiff's lot, erected a building on the way across that lot, completely closing it.

The court found that the building, as erected by Demorest, does not prevent or obstruct the plaintiff's use of the way underneath or beyond the building, and that plaintiff has not sustained and will not sustain any injury from the erection of the building or from its maintenance in the future.

The following is the opinion in full:

" The construction put by the courts below on the deed poll, if justified, is a decisive answer to the action.

" The defendant Austin has title in fee to the way over which the building erected by Demorest, as lessee, has been constructed. The way laid out on the map filed with the deed poll in 1836, extended from the south side of Seventeenth street, in rear of lots 7, 6 and 5, but the fee of the land included therein passed with the lots, from which the way was taken, to the several grantees. The owners of the respective lots held their titles to the way in subordination to the purposes for which the way was laid out and dedicated. They could do nothing to interfere with those purposes, but there was no restriction upon their right to use the land above or below the surface of the way, as they might choose, provided only that such use was not inconsistent with the easement in the way reserved in the deed poll to the owners of the respective lots.

"The deed poll states with great distinctness the purpose and intent of the way. It declares that 'fifteen feet in width across the rear of the lots 1 and 2 on the said map shall be subject to the right of passage for horses, carriages and carts, for the private convenience of the owners of the lots 1, 2 and 3, on the said map, and their heirs and assigns, and their tenants respectively, actual occupants of the said lots, for a passage from the rear of said lots to and from Sixteenth street.' It contains a similar provision in respect to the way from Seventeenth street, in rear of the lots 7, 6 and 5. It is also declared that at the 'entrance of each of the said ways respectively into the street, a proper and suitable gate, with lock and key, is to be kept and maintained and the passage kept open and in proper order and regulation at the joint expense of the owners and occupants, from time to time, of the lots entitled to use the said ways, each of whom shall be entitled to a key to the said gate for the purpose of opening and closing the same, as a private passage-way for the use and purpose aforesaid and no other.'

The deed poll was executed, in contemplation of a sale of lots on the block to which it related, between Sixteenth and Seventeenth streets, for residence purposes. The deed poll contains careful restrictions as to the use of the lots, so as to prevent their occupation for any noisome trade or business. The instrument shows that it was contemplated that the purchasers of the lots on Fifth avenue might desire to erect private stables in rear of their lots, and the reservation of the ways was designed to afford access from the street to the stables and to the rear of the lots. The structure erected by Demorest does not interfere with this use of the way for the purposes expressed in the deed poll, namely, for the passage of horses, carriages and carts to and from Seventeenth street. It is claimed that the clause in the deed poll that the passage was to be 'kept open,' can only be satisfied by permitting it to remain open to the sky, and that light and air for the benefit of the several lots was one of the objects intended by the reservation of the passage-ways. But the deed poll makes no reference to this purpose. It does not reserve an open way for general use, but expressly limits and defines the uses for

which the ways are intended, and to which they were to be appropriated. They were to be open ways 'for the use and purpose aforesaid, and no other.' The practical construction of the deed poll by the plaintiff and his grantor, who owns the lot opposite the end of the way, is adverse to the claim now made, that one of the objects of the way was to furnish light and air to the adjacent premises. The way in rear of lot 5 owned by the plaintiff, has been closed and a building erected thereon, completely excluding access to that part of the way, and preventing light and air from passing over the same to the other lots.

"The way in rear of the defendant's lot is not closed, but over it, fourteen feet above the surface, a building has been erected, supported by two iron posts set on the easterly edge of the way, but leaving a clear space for the way, exceeding fifteen feet in width. It is not claimed that the structure of the defendant interferes with the access to the plaintiff's lot from Seventeenth street for 'horses, carriages and carts,' through and along the way.

"The lots on Fifth avenue have become business property. No stables have been erected on the lots adjacent to the way. The purpose of the deed poll is fully satisfied by the way in rear of the defendant's lot, as it now exists. We concur in the view of the courts below that the deed poll did not restrict the owner of lot 7 from building over the way.

"The judgment should, therefore, be affirmed."

*Charles Francis Stone* for appellant.

*James R. Marvin* for respondents.

ANDREWS, J., reads for affirmance.
All concur, PECKHAM, J., in result.
Judgment affirmed.