GRINNELL BROTHERS *v.* BROWN.

1. EASEMENTS—EQUITY—CONFLICTING RIGHTS—INJUNCTION.

Where, in a land contract, defendants granted to plaintiff "an easement on the westerly 100 feet to the nine-foot driveway" abutting property contracted to be conveyed to it by defendants, and also further agreed "to maintain the easterly 100 feet of said driveway for their own uses and purposes and not to erect any building or buildings thereon so as to shut out light and air from buildings that may be erected by said second party on the tract of land" contracted, and defendants subsequently attempted to erect a building on the westerly 100 feet, plaintiff, as vendee in the land contract, had such an interest in the premises as justified the filing of a bill to restrain its erection.

2. CONTRACTS—CONSTRUCTION.

A contract, that is unambiguous in its terms, is not open to construction.

3. EASEMENTS—PRIVATE WAY—USE BY OWNER OF THE FEE.

The owner of the fee subject to an easement for a private driveway has the right to use the premises for any purpose not inconsistent with the right of the owner of the easement.

4. SAME.

Where defendants modified their building plans so that none of the walls of the building would occupy the driveway

See notes in 15 L. R. A. 487; 17 L. R. A. 270; 16 L. R. A. (N. S.) 193.

on the westerly 100 feet, which would be free and open, plaintiffs were not entitled to an injunction restraining defendants from projecting the building over the driveway above the first story, in the absence of a showing that it would deprive plaintiff of sufficient light and air to enable it to use the driveway, or that there is insufficient distance between the surface of the way and the contemplated structure to accommodate any vehicles or loads plaintiff may desire to transport over the way; plaintiff's rights in said portion of the driveway being only an easement, a right of passage, a right of ingress and egress.

Appeal from Wayne; Sullivan, J., presiding. Submitted January 24, 1919. (Docket No. 13.) Decided April 3, 1919.

Bill by Grinnell Brothers against George D. Brown and others to restrain the obstruction of an easement. From a decree for plaintiff, defendants appeal. Reversed, and decree entered.

*William L. January*, for plaintiff.

*Edwin S. Bartlett*, for defendants.

FELLOWS, J.   Defendants owned property in Highland Park having a frontage of 20.3 feet on Woodward avenue with a depth of 200 feet. Adjoining it on the north was a lot devoted to the business of the defendant Highland Park Creamery Company, a corporation which seems to be controlled and officered by the individual defendants. The south nine feet of the last mentioned premises were devoted for the entire depth to a driveway used in the business of the creamery company. On the 5th of November, 1915, the defendants contracted to sell to the plaintiff the 20.3 feet strip for the sum of $10,150 with a down payment of $3,500. The only provisions of the contract here involved are as follows:

"Parties of the first part further grant to party of

the second part an easement on the westerly one hundred (100) feet to the nine (9) foot driveway abutting said property hereby contracted to be conveyed on the north, said second party to have the use of said driveway for ingress and egress and no vehicles to be loaded or unloaded thereon by said second party and no vehicles to be left standing thereon, and second party to be at one-tenth of the expense of keeping said portion of said driveway in repair.

"Parties of the first part further agree to maintain the easterly one hundred (100) feet of said driveway for their own uses and purposes and not to erect any building or buildings thereon so as to shut out light and air from buildings that may be erected by said second party on the tract of land for the purchase of which this contract is given."

Subsequent to the making of this contract defendants commenced to erect a building on the rear (westerly 100 feet) of the creamery property. By their original plans it was contemplated to erect the south wall in the driveway up to the line between the two lots and to furnish ingress and egress through the building. Thereupon this bill was filed to restrain this invasion of plaintiff's rights. After consulting counsel, defendants changed their plans so that none of the walls of the building should occupy the driveway which should be free and open. Their later plans contemplate the projection of their building over the driveway above the first story. The temporary injunction as modified required them to confine their building to the land north of the driveway. From a final decree perpetually enjoining them from erecting any building over any portion of the driveway they appeal. This leaves for our consideration the sole question of the right of defendant to project its building over the driveway without placing any obstruction upon its surface. We do not understand it to be claimed by the plaintiff as matter of fact that such projection would in any way interfere with its ingress and egress to its premises; its claim as adopted by

the trial judge being interference with its rights to light and air.

This plaintiff as vendee in this land contract had such an interest in the premises as justified the filing of this bill. Its rights under the contract would be invaded by the erection of the structure originally contemplated and planned for. To prevent this invasion of its rights it chose the proper forum. The meritorious question in the case is whether the decree appealed from went too far. The contract is unambiguous in its terms, and is not open to construction. While courts may take into consideration the situation surrounding the premises and the parties, parol testimony of conversations preceding the making of the contract may not be received to change or vary the provisions of a written instrument unambiguous in its terms and not open to construction. This rule is elementary. By the terms of this contract the parties contracted for the use by the vendee of a driveway for ingress and egress over the west 100 feet; they also contracted for light and air over the east 100 feet. If this contract is open for construction as claimed by plaintiff the maxim *expressio unius est exclusio alterius* and the maxim *expressum facit cessare tacitum* would prevent our following the construction contended for by its learned counsel and adopted by the trial judge. The expression of one thing is the exclusion of another, and a thing expressed puts an end to tacit implication.

It is not contended that the proposed new building in any way conflicts with the rights of the plaintiff in the east 100 feet. The sole question revolves around the rights of the parties in the west 100 feet. As to this portion of the driveway the plaintiff was granted an easement, a right of passage, a right of ingress and egress. Such rights as are expressly granted, or are necessarily incident thereto belong to it and

cannot be abridged or taken away. But subject to such rights the owner of the fee is entitled to all beneficial uses. As was said by Justice STONE, speaking for the court in *Murphy Chair Co. v. Radiator Co.,* 172 Mich. 14:

"It is elementary that an easement once granted is an estate which cannot be abridged or taken away, either by the grantor or his subsequent grantees. On the other hand, the grantor of the easement of a right of way may use the way in any manner he sees fit, provided he does not unreasonably interfere with the grantee's reasonable use in passing to and fro."

Mr. Jones in his work on Easements, § 391, lays down the rule in the following language:

"The grant of a right of way over land does not pass any other right or incident. The owner of the soil retains full dominion over his land subject merely to the right of way. He may make any use of his land which does not interfere with a reasonable use of the way. Subject to the easement granted, his control extends indefinitely upwards above the surface of the ground, and downwards beneath it *ad inferos*. He may build a bridge or other structure over the way, provided he builds so as not to materially impair the use of the easement."

Continuing, he says (§ 395):

"The owner of land over which there is a passageway may lawfully cover such passage-way with a building, provided he leaves a space of sufficient width and height and with sufficient light to allow of its convenient use for the purpose for which it was created."

The supreme court of Massachusetts in the case of *Gerrish v. Shattuck,* 132 Mass. 235, said:

"The plaintiff has obtained no right to light and air above the way; she has only the right of passing and repassing, with such incidental rights as are necessary to its enjoyment. The defendant has all the rights and benefit of the ownership of the soil consistent with this easement."

The rule is thus announced in 9 R. C. L. p. 799:

"It is a general rule that a grant of an easement of a right of way does not, by implication, include the right to have that way kept open to the sky for light and air, and that the grant is not interfered with by building over the way, provided there is no interference with the reasonable use of the easement as a passageway. Subject to the easement, the landowner's control extends indefinitely upward from the surface and downward."

A case quite analogous to the instant one is that of *Bitello* v. *Lipson*, 80 Conn. 497 (69 Atl. 21, 16 L. R. A. [N. S.] 193). In this case the owner of the servient estate commenced the construction of a bay window over the passage-way, and eleven feet and six inches above the ground. The trial court there as here concluded that the owner of the dominant estate was entitled to the uninterrupted access of light and air over and across the way. We quote at some length from that case:

"The defendant's claim was that there being no express grant of an easement of light and air over the strip in question, the owner of the fee might construct a bay window over it at such a height as not to interfere with the reasonable and ordinary use of the right of way. The court said in its conclusion that the plaintiff was entitled not only to unrestricted right of way over the strip, for the purpose of passage, but also 'to the right of an uninterrupted access of light and air over and across the same.' By this language, as well as from the judgment rendered upon the facts found, it seems clear that the court intended to hold that any material interference, by the defendant, with the 'access of light and air over and across' the strip of land was an obstruction of the plaintiff's rights, even though it did not interfere with the reasonable and ordinary use of the right of way.

"This ruling was erroneous. By his deed from Brown the defendant acquired the fee to land over which he was building the bay window, encumbered by a right of way previously granted by Brown to the

plaintiff, which was a right of passage over the ten-foot strip. *Hart* v. *Chalker*, 5 Conn. 311, 315. The deed from Brown to the plaintiff contained no express grant of an easement of light and air. Implied grants of such easements not reasonably necessary for the enjoyment of the rights expressly granted are not favored in this State. General Statutes, § 4046. There was no implied grant to the plaintiff of a right to have light and air pass over the driveway to any greater extent than was necessary for the reasonable enjoyment of the right of passage granted." Citing authorities.

Upon the proposition that the owner of the fee subject to an easement has the right to use the premises for any purpose not inconsistent with the right of the owner of the easement see *Township of Oneida* v. *Allen*, 137 Mich. 224; *St. Joseph Valley R. Co.* v. *Galligan*, 120 Mich. 468; *Beecher* v. *People*, 38 Mich. 289; *Hollins* v. *Demorest*, 129 N. Y. 676 (29 N. E. 1093, 15 L. R. A. 487); *Sutton* v. *Groll*, 42 N. J. Eq. 213 (5 Atl. 901).

Plaintiff confounds the incidental right to sufficient light and air to reasonably use the way with the unrestricted and uninterrupted access to light and air over and across the entire way. Plaintiff is of course entitled to sufficient light and air to permit the reasonable use of the way for ingress and egress. This record does not disclose that such right will be interfered with by the contemplated structure. A leading case, that of *Atkins* v. *Bordman*, 2 Metc. (Mass.) 457, deals with this subject. Chief Justice Shaw, speaking for the court, said:

"As to the darkening, we think the jury should have been instructed, that the defendants were not liable for damages, unless, from the length of the passage-way, it was so darkened as to render it unfit for the purposes of a passage-way. We may conceive of a covered passage of eight or ten feet high, of a length so considerable, that unless openings were left, there

would not be light enough admitted at the ends to enable persons to use it with comfort, for the purposes of a passage-way. But unless darkened to that extent, it is not a case for damage. It must render the premises to a sensible degree less valuable for the purposes of business."

We are impressed that the decree appealed from went too far, and did not take into account the rights of the owner of the servient estate, the right to the use of the property in a manner not inconsistent with the easement created. It does not appear, as we have already stated, that the contemplated structure would deprive plaintiff of sufficient light and air to enable it to use the way as a way; nor does it appear, nor is it claimed that there is not sufficient distance between the surface of the way and the contemplated structure to accommodate any vehicles or loads plaintiff may desire to transport over the way. In short, it does not in any way appear from this record that the erection of the proposed structure projecting from the second story would in any way infringe plaintiff's rights granted by the terms of this contract.

When plaintiff's bill was filed the defendants' plan contemplated an interference with plaintiff's rights. Upon the state of facts then existing it was entitled to an injunction restraining invasion of such rights. These plans have been modified so that the structure does not interfere with these rights. Plaintiff was and is entitled to an injunction prohibiting the invasion of its rights but it is not entitled to an injunction beyond this.

The decree appealed from must be reversed and one here entered in conformity with this opinion. Plaintiff will recover costs of the circuit, defendants costs of this court.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.