## MINNEAPOLIS ATHLETIC CLUB v. ARTHUR COHLER AND OTHERS.

177 N. W. (2d) 786.

May 29, 1970—No. 42200.

*Stacker, Silverstein, Burke & Radsom* and *R. William Reilly,* for appellants.

*Thompson, Hessian, Fletcher & McKasy,* for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This is an appeal from an order denying defendants' motion for a new trial and from a judgment of the district court in favor of plaintiff.

The facts can be briefly stated as follows: Plaintiff has its present clubhouse on property it owns in downtown Minneapolis. It proposes to expand its facilities by erecting a building behind its present building on land it has acquired. Between the present clubhouse and the proposed new structure is an 8-foot alley, which is the subject of this litigation. Plaintiff intends to connect its present clubhouse with the proposed new building by placing a walkway which will be at least 16 feet above ground level over the alley.

Contending that it owns this 8-foot alley and that defendants as owners of the adjoining property own an easement with the right of free travel over the alley, plaintiff brought this action for a declaratory judgment to determine its right to build and maintain the walkway over the alley. Defendants maintained, both in the trial court and on appeal, that they are the owners in fee simple of this portion of the alley and, in the alternative, that the construction of the walkway will interfere with the use of their easement.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

The facts were stipulated and in addition thereto it was stipulated that "[b]oth state law and an ordinance of the City of Minneapolis prohibit the use of vehicles which exceed a height of thirteen feet six inches."[1]

The rights of the respective parties are determined by a document executed in 1912 by plaintiff's and defendants' predecessors in title. Plaintiff's predecessor in title, W. L. Harris Realty Company, conveyed to defendants' predecessor in title, The Minneapolis Elks Building Company, certain real estate situated next to the present plaintiff's clubhouse, and by said document defendants' predecessor and its successors and assigns were granted "a right of way over and the privilege of the free use as a private alley" of the 8-foot strip of land immediately behind plaintiff's clubhouse. It is to be noted that by the aforesaid document plaintiff's predecessor reserved "a right of way over and the privilege of the free use as a private alley" of an 8-foot wide strip of land behind defendants' property so as to complete the alleyway behind both properties.

The issue is the determination of the rights of the parties in the 8-foot strip of alleyway behind plaintiff's property.

■ Defendants first contend that through their predecessor in title they acquired, in part, a right-of-way in fee, resulting in fee ownership of the land and all air rights over and above said land, as opposed to an easement in the alley.

This court had occasion in Sanborn v. City of Minneapolis, 35 Minn. 314, 29 N. W. 126, to construe an instrument to determine whether it conveyed a grant in fee or an easement. There the vendor executed an instrument conveying to the vendee "and others who do and may own property along the within-described alley" the premises in question, declared to be "deeded for alley purposes." This court held that in the construction of an instru-

---

[1] Minn. St. 169.81, subd. 1. "No vehicle unladen or with load shall exceed a height of 13 feet six inches."

Minneapolis Code of Ordinances, § 415.040. "No vehicle unloaded or with load shall exceed a height of 13 feet, 6 inches."

ment the entire deed and not merely a particular part of it will be considered. The court said (35 Minn. 317, 29 N. W. 126):

"* * * But if we adopt a cardinal rule in the construction of deeds, that it be made on the entire deed, and not merely upon a particular part, and, having thus taken the instrument by the four corners, we endeavor to ascertain its intent, which is the essence of every agreement, we will be led to the * * * conclusion * * * that this deed grants merely an easement of a right of way as an alley. The right granted has all the characteristics of a mere easement, as distinguished from an estate in the land.

"* * * The right granted excluded the idea of the grantees taking actual possession. The right was merely one of accommodation (a right to pass over) as distinguished from those which are directly profitable. The grantee of such a right is not the owner or occupant of the estate over which the right of way is given."

The instrument here involved clearly indicates an intention on the part of the vendor to grant only an easement for the purpose of accommodating defendants' predecessor and its assigns with the right to use the alley.

What defendants herein received was "a right of way over and the privilege of the free use as a private alley" of the 8-foot strip of land.

A right-of-way is an easement only and a conveyance thereof is not a conveyance of the land itself. Title to the land under such circumstances does not pass. In its strict meaning a right-of-way means the right to pass over another's land. It is only an easement, and the grantee acquires only the right to a reasonable and usual enjoyment thereof. The owner of the soil has all the rights and benefits of ownership consistent with the easement. Kleih v. Van Schoyck, 250 Wis. 413, 27 N. W. (2d) 490.

■ Having determined that defendants acquired an easement, we will proceed to determine the rights of plaintiff and defendants in that easement.

An easement is best defined as an interest in land in the possession of another which entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists. Restatement, Property, § 450. Every easement is a particular easement privileging the owner thereof to make particular uses of a servient tenement. The sum total of these particular privileges of use makes up the extent of the easement. To say that an easement has been created is but to say that certain privileges of use of land in the possession of one other than the one having the privilege have been created. The process which creates an easement necessarily fixes its extent and therefore the extent of the easement created by a conveyance is fixed by the terms of the conveyance. Restatement, Property, § 482.

There can be no doubt that the conveyance of 1912 by its language fixed the extent of the easement acquired by defendants. The language used is not ambiguous, and it is clear and convincing. It grants to defendants' predecessor a right-of-way over and the privilege of the free use as a private alley of the 8-foot strip. The words of conveyance or grant can only be interpreted to mean that the right acquired by defendants is one of accommodation.

Defendants contend that they have by some means acquired certain air rights over and above the alley. It is a maxim of the common law, now incorporated in our statutes, that an owner of land owns whatever is above or below the surface and may convey any part of it. 15 Dunnell, Dig. (3 ed.) § 7852; Minn. St. 360.012, subd. 2, and 272.04, subd. 2; Farnes v. Lane, 281 Minn. 222, 161 N. W. (2d) 297.

Generally, the grant of an easement over land does not preclude the grantor from using the land in a manner not unreasonably interfering with the special use for which the easement was acquired. It is well settled that the extent of an easement should not be enlarged by legal construction beyond the objects originally contemplated or expressly agreed upon by the parties. Thompson v. Germania Life Ins. Co. 97 Minn. 89, 106 N. W. 102;

Kretz v. Fireproof Storage Co. 127 Minn. 304, 149 N. W. 648, 955.

In a factually similar case, the Michigan Supreme Court in Grinnell Brothers v. Brown, 205 Mich. 134, 138, 171 N. W. 399, 400 (quoting from Murphy Chair Co. v. Radiator Co. 172 Mich. 14, 137 N. W. 791), stated the law as follows:

"It is elementary that an easement once granted is an estate which cannot be abridged or taken away, either by the grantor or his subsequent grantees. On the other hand, the grantor of the easement of a right of way may use the way in any manner he sees fit, provided he does not unreasonably interfere with the grantee's reasonable use in passing to and fro."

Much has been written on the rights of grantors and grantees in right-of-way easements. Usually, the grant of a right-of-way over land does not pass any other right or incident. Such a grant does not by implication include the right to have the way kept open to the sky for light and air. The owner of the soil retains full dominion over the land, subject merely to the right-of-way. He may make any use of his land which does not interfere with a reasonable use of the way. Subject to the easement granted, his control extends indefinitely upward above the surface of the ground and downward beneath it ad inferos. The owner of land over which there is a passageway may lawfully cover such passageway with a building, provided he leaves a space of sufficient width and height and with sufficient light to allow its convenient use for the purpose for which it was created. Jones, Easements, §§ 391, 395; Grinnell Brothers v. Brown, *supra*.

Under the circumstances, the trial court was justified in concluding that plaintiff's proposed walkway would not unreasonably interfere with defendants' use of the right-of-way.

Affirmed.