**CITY OF WILLMAR, Petitioner, Respondent,**

v.

**Mark O. KVAM, as Trustee of the Mark O. Kvam Revocable Trust, et al., Appellants,**

**Craig Groothuis, et al., Respondents Below.**

**No. A08–1405.**

Court of Appeals of Minnesota.

July 21, 2009.

John M. LeFevre, Robert J. Lindall, Peter G. Mikhail, Sarah J. Sonsalla, Kennedy & Graven, Chartered, Minneapolis, MN, for respondent.

Gerald W. Von Korff, Rinke–Noonan, St. Cloud, MN, for appellants.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and COLLINS, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

Respondent City of Willmar filed a petition to acquire a fee-simple interest in property owned by appellants Mark O. Kvam as Trustee of the Mark O. Kvam Revocable Trust and other landowners. Following trial, the district court issued an order granting respondent's petition. Appellants challenge that order. Because we agree that the taking served a public purpose and was necessary, we affirm.

## FACTS

Respondent intends to construct a new wastewater-treatment facility because the existing wastewater-treatment facility is unable to meet its projected needs or the requirements of the Minnesota Pollution Control Agency. To move wastewater to the new treatment facility and then to a creek for discharge, respondent must construct a series of interceptor sewers and other conveyance equipment.

After resolving that it was necessary and for a public purpose to acquire appellants' property in fee simple, respondent began these proceedings in 2007.

## ISSUE

Did the district court err in allowing respondent to take a fee-simple interest in appellants' property?

## ANALYSIS

Appellants argue that respondent: (1) lacked the authority to take land in fee simple for an underground sewer line; (2) failed to show that the taking was necessary; and (3) was arbitrary, unreasonable, and capricious in taking appellants' land.

### 1. Respondent's Authority

■ The interpretation of statutes raises a question of law, which is subject to de novo review. *Piche v. Indep. Sch. Dist. No. 621*, 634 N.W.2d 193, 198 (Minn.App. 2001), *review denied* (Minn. Nov. 13, 2001).

All cities may exercise the power of eminent domain for the purpose of acquiring private property within or without the corporate limits thereof for any purpose for which it is authorized by law to take or hold the same by purchase or gift and may exercise the power of eminent domain for the purpose of acquiring a right-of-way for sewerage or drainage purposes and an outlet for sewerage or drainage within or without the corporate limits thereof.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Minn.Stat. § 465.01 (2006).[1] The "authorized by law" language in the first phrase includes the right to take land in fee simple. *See* Minn.Stat. § 412.211 (2006) (providing that a city may acquire real property "as the purposes of the city may require, by purchase ... condemnation, lease or otherwise, and may hold, manage, control, sell, convey, lease or otherwise dispose of such property as its interests require").

■ Appellants argue that the second phrase, specific to sewerage and drainage, denies respondent authority to take land in fee simple for these purposes and grants authority to take only a "right of way"; appellants argue further that "right of way" means "easement" and claim the statute authorizes only the taking of an easement. But "right of way" may be used to mean both a party's right of passage over a strip of land and the physical strip of land itself. *See State v. Hess*, 684 N.W.2d 414, 424 (Minn.2004) (discussing "right of way" in the context of railways).[2]

But appellants' reading of the statute effectively treats the two clauses as disjunctive when they are in fact conjunctive: cities may exercise the power of eminent domain "for the purpose of acquiring private property ... for any purpose for which it is authorized by law to take or hold the same by purchase or gift *and* ... for the purpose of acquiring a right-of-way for sewerage or drainage purposes and an outlet for sewerage or drainage...." Minn.Stat. § 465.01 (emphasis added). Thus, a city is authorized both to take in fee simple and to take an easement. Appellants' reading of the statute renders the first clause superfluous in cases involving sewerage and drainage. Statutes are to be read as a whole to avoid such contradictory interpretations. *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (holding that no word or phrase of a statute should be considered superfluous).[3]

■ In *Volden v. Selke*, 251 Minn. 349, 87 N.W.2d 696 (1958), the landowners contended that the state needed only an easement of flowage to accomplish its purpose under the authorizing statute and therefore lacked authority to acquire any greater interest. *Id.* at 351, 87 N.W.2d at 699. The statute provided:

> The Council is authorized to acquire by gift, purchase, condemnation proceedings ... or otherwise, any land needed to carry on the work relief and employment herein provided for and, in appropriate cases, to convey land to the Unit-

1. The district court found that respondent had the authority to take in fee simple under Minn.Stat. §§ 412.211 (2006), 429.021 (2006), and 465.01. Appellants challenge only the determination of authority under Minn.Stat. § 465.01.

2. *But see Minneapolis Athletic Club v. Cohler*, 287 Minn. 254, 257, 177 N.W.2d 786, 789 (1970) (stating "right-of-way is an easement only and a conveyance thereof is not a conveyance of the land itself"). Appellants rely on *Cohler*, but it is distinguishable: it concerns contract language conveying "a right of way over and the privilege of the free use as a private alley" of an eight foot strip of land. *Id.*, 177 N.W.2d at 789. Because the convey-ance granted only the right to pass over and use the land, it was held to be an easement.

3. Appellants' reliance on *Buck v. City of Winona*, 271 Minn. 145, 135 N.W.2d 190 (1965), and *Fairchild v. City of St. Paul*, 46 Minn. 540, 49 N.W. 325 (1891), is misplaced because, in those cases, the relevant statutes authorized only the taking of an easement, not of fee simple. *See Piche*, 634 N.W.2d at 200 (distinguishing *Buck* and *Fairchild* from situation where condemnation decree conveyed fee simple to condemned property because "the state's interest acquired by eminent domain in these cases was limited to a right-of-way easement").

ed States needed for projects financed in whole or in part by the United States. *Id.* at 352, 87 N.W.2d at 699. "[T]he language of the statute, taken by itself, is broad enough to empower the state to acquire a fee interest." *Id.*, 87 N.W.2d at 699. "[T]he taking of the fee of real property under the power of eminent domain . . . need not be granted in express terms, but it must clearly appear, either expressly or by fair implication." *Id.* at 356, 87 N.W.2d at 702 (quotation omitted). Analogously, the language of Minn.Stat. § 465.01 authorizing taking of a right of way does not preclude taking in fee simple.

Respondent has authority under Minn. Stat. § 465.01 to acquire land in fee simple even if that land is acquired for sewerage and drainage purposes.

### 2. Necessity

■ Appellants also challenge the district court's conclusion that respondent showed the necessity for acquiring the land in fee simple rather than an easement. This court's review in a condemnation case is "very narrow." *County of Dakota (C.P.46–06) v. City of Lakeville,* 559 N.W.2d 716, 719 (Minn.App.1997). Review is limited to determining whether the taking serves a public purpose and is necessary. *In re Condemnation by Minneapolis Cmty. Dev. Agency,* 582 N.W.2d 596, 598 (Minn.App.1998), *review denied* (Minn. Oct. 29, 1998). Because necessity is a question of fact, this court will not reverse the district court's determinations on appeal unless they are clearly erroneous. *Id.* at 599.

■ A condemning authority must prove that a taking is "necessary." Minn. Stat. § 117.075 (2006). But " '[n]ecessary' need not be absolute or indispensable necessity. The condemning authority need only show that the proposed taking is reasonably necessary or convenient for fur-therance of the end in view." *City of New Ulm v. Schultz,* 356 N.W.2d 846, 848 (Minn.App.1984) (quotations omitted); *see also Blue Earth County v. Stauffenberg,* 264 N.W.2d 647, 650 (Minn.1978) (stating that taking needs to be only reasonably necessary or convenient for furtherance of end in view).

■ Here, the district court determined that respondent had met its burden of showing necessity. The district court expressly found that: (1) respondent would pay 80% of the appraised value of the fee simple to acquire a permanent or temporary easement; (2) respondent could control all aspects of the property by acquiring it in fee simple; (3) an easement would limit respondent to underground-sewer purposes only, and above-ground manhole covers and clean-outs are more convenient; (4) access to the pipeline would be faster and more convenient if the pipeline manhole and clean-out structures were above ground; (5) above-ground pipeline structures would be subject to potential damage from use of the land immediately surrounding the above-ground structures; and (6) respondent would need to periodically inspect and maintain the system, which would affect the surface use of the land and potentially subject respondent to future claims.

Because the district court's findings are supported by the record and are not clearly erroneous, the district court did not err in concluding that the taking was a necessity.

### 3. Arbitrary and Capricious

■ A condemning authority's decision is legislative, and an appellate court may overturn the condemnor's decision regarding necessity only if it is arbitrary, unreasonable, or capricious. *City of Duluth v. State,* 390 N.W.2d 757, 763 (Minn.1986).

Appellants argue that respondent's decision to take in fee simple is arbitrary and capricious because an easement would be sufficient to meet the needs of the public purpose.

▮ But a condemning authority may take in fee simple even though a leasehold interest would be sufficient for its public purpose. *Lundell v. Coop. Power Ass'n,* 707 N.W.2d 376, 382 (Minn.2006).

> Whether or not a condemning authority has a present interest in the land less than fee title, the determination of necessity to support the taking of fee title by eminent domain is the same. The authority need only determine the underlying necessity to use the property in order to further its public purpose.

*Id.* "Although some public policy arguments might be made to support a requirement that a condemning authority take only the smallest interest in property that is necessary to serve the public purpose, the legislature has not enacted that requirement." *Id.* n. 3.

▮ A review of the record indicates that respondent's decision to take in fee simple was not arbitrary, unreasonable, or capricious. Respondent's reasons for acquiring the property in fee simple include: (1) the cost of acquiring the property in fee simple was similar to the cost of acquiring an easement; (2) acquiring an easement in the property would require the city to acquire future easements for repair and reconstruction; (3) by acquiring the property in fee, respondent would be less likely to be subject to claims by the fee owner or tenants; (4) acquiring the property in fee gives respondent much greater control of the use of the property; and (5) acquiring the property in fee allows respondent to restrict access to and use of the property. Because respondent acted reasonably, appellants' argument that its action was arbitrary, unreasonable, and capricious fails.[4]

## D E C I S I O N

Because respondent had authority under Minn.Stat. § 465.01 to take appellants' property in fee simple, because respondent met its burden of proving that this taking was necessary, and because the decision was not arbitrary, unreasonable, or capricious, the district court did not err by granting respondent's petition.

**Affirmed; motion granted in part, denied in part.**

---

4. Respondent moves to strike the portions of appellants' brief pertaining to project review under Minn.Stat. ch. 17 and ch. 116D and to the construction of Minn.Stat. § 465.01. When an appellate brief or appendix contains matters that are not part of the record below and were not considered by the district court, a motion to strike is properly granted. *Krueger v. Wash. Fed. Sav. Bank,* 406 N.W.2d 543, 545 (Minn.App.1987). The papers filed in the district court, the exhibits, and the transcript of the proceedings shall constitute the record on appeal. Minn. R. Civ.App. P. 110.01. Because the record fails to support appellants' argument that project review under Minn. Stat. ch. 17 and ch. 116D was specifically presented to the district court, respondent's motion to strike the portions of the brief addressing project review are granted. But the motion is denied with respect to the construction of Minn.Stat. § 465.01 because the district court concluded that respondent had authority under that statute.