## ROMAINE M. SAFFORD *vs.* IRA AND WILLIAM BASTO.

A party having the title to unoccupied lands, is constructively in possession, and may maintain trespass against one who, without his license or authority, having no color of title to the lands, and whose acts evince no intention to retain permanent possession, enters upon them, and cuts and carries away standing timber.

Case reserved from St. Clair Circuit, on motion for a new trial.

*W. T. Mitchell*, for plaintiff.

*Eldridge & Hubbard*, for defendants.

This was an action of trespass, for cutting and carrying away standing timber. The facts which the evidence tended to prove, were substantially these :

The plaintiff, who resided in Ohio, was the owner, in fee simple, of one hundred and sixty acres of uncultivated pine land, in St. Clair County, which had never been in the possession of any one.

In 1850 Ira Davenport acquired a tax title to the premises, which turned out to be void, on account of irregularity in the assessment of the taxes, and in Feburary, 1854, he conveyed the premises to one John Basto, of Providence, Rhode Island. In May, 1853, and before Davenport had conveyed, John Basto sold to the defendant, Ira Basto, all the pine timber growing on the premises, with the right to take it off at any time within five years. In the winter of 1853 and 1854, the defendants, in person and by their agents and servants, entered upon the premises, built temporary shanties, and cut, carrried away, and converted to their own use about 8,000,000 feet of pine lumber. There was some evidence that one of the defendants cut a small quantity of timber there the following winter.

The Court charged the jury: " That if they found the title of the land was in the plaintiff, and that the defendants entered under color of a title, and were in the actual possession, claiming title, and continued such possession up to the time of the commencement of this suit; then the constructive possession of the plaintiff in virtue of her prior superior title, was not snfficient to enable her to maintain this suit.

" That to constitute a continued possession, it is only necessary that it should have been such as the owner of that

kind of real estate, of the land in question—remote pine lands—ordinarily exercises.

"That the simple going on to lands, without such continued possession, and taking off pine timber, was not sufficient to defeat the action."

The defendants' counsel asked the Court to charge the jury, that to maintain the action, it was necessary that the plaintiff should be in the actual possession of the close at the time the injuries were committed, and that a tortious entry upon lands, and continued possession under such entry, ousts the plaintiff, and the disseizee cannot maintain the action *quare clausum fregit* against the disseizor. That if, in this case, the jury find that the defendants entered upon the lands wrongfully, and were in possession at the time the action was brought, the plaintiff could not maintain her action.

The Court refused to charge as requested, and defendants excepted thereto, and to the charge of the Court as above stated. The jury found a verdict against the defendants for the value of the timber. The defendants thereupon moved to set aside the verdict for a new trial.

By the Court, GREEN, J.

We are clearly of opinion, that no new trial should be granted. At the time of the alleged trespass, the plaintiff having the fee, was constructively in possession of the land. It never was in the possession either of Davenport or of John Basto. The defendant, Ira Basto, never had, or pretended to have any claim to the land, but only to the pine timber growing upon it. The evidence warranted the inference by the jury, that the purpose of the defendants in entering upon the land, was to cut off the pine timber as soon as they could, and then to abandon the premises. No act of theirs evinces any intent to retain possession of the land any longer than was necessary for that purpose, or to claim it as their own. We

cannot see how the jury could have inferred from the evidence any such unequivocal acts of ownership of the land, open, known, exclusive, and continued without interruption, as are necessary to constitute a disseizin, unless the owner elects so to consider it.

Let it be certified to the Circuit Court for St. Clair County, that the motion for a new trial ought to be denied.

Present, WILLSON, COPELAND, JOHNSON, MARTIN and GREEN, J. J.