## CHARLES F. RUGGLES v. LOUIS SANDS.

*Trespass—Actual and constructive possession.*

If no one holds actual possession, the owner of the title has constructive possession.

Trespass can be brought only by one in actual or constructive possession.

There cannot be constructive possession of lands of which third parties are in actual adverse possession.

Error to Manistee. Submitted April 9. Decided April 15.

TRESPASS. Plaintiff brings error.

*Morris & Nelson* for plaintiff in error.

*Ramsdell & Benedict* for defendant in error. There is no constructive possession of lands adversely held, Comp. L., § 7140; *Safford v. Basto*, 4 Mich., 406; as possession follows ownership, an owner can maintain trespass without actual entry, unless there be an adverse possession, *Van Brunt v. Schenck*, 11 Johns., 385; *Wickham v. Freeman*, 12 Johns., 184; *Bush v. Bradley*, 4 Day (Conn.), 306; *Graham v. Houston*, 4 Dev., 232; *Wilcox v. Kinzie*, 3 Scammon (Ill.), 224; *Robinson v. Douglass*, 2 Aikens, 364; *Sawyer v. Newland*, 9 Vt., 383; *Davis v. Clancy*, 3 McCord, 422; *Bulkley v. Dolbeare*, 7 Conn., 233; *Austin v. Sawyer*, 2 Cow., 39; *Wheeler v. Hotchkiss*, 10 Conn., 225; *Skinner v. M'Dowell*, 2 Nott & McCord, 68; *Truss v. Old*, 6 Rand., 556; *Bigelow v. Lehr*, 4 Watts, 377; *Kempton v. Cook*, 4 Pick., 305; *Walton v. Clarke*, 4 Bibb, 218; *Shepard v. Pratt*, 15 Pick., 32.

MARSTON, J. There is one fatal objection to the right of plaintiff to maintain this action, and which renders immaterial all the other questions raised. The plaintiff brought an action of trespass to recover damages for the cutting and carrying away of certain timber from off certain lands which plaintiff claimed to own under a State tax-deed. On the part of the defendant it appeared that he had cut and removed the timber under a contract with one John Canfield, who claimed to own said land under a patent from the United States issued in 1860, and that defendant had been in possession of said land for several years prior to 1876, the date of the trespass, as

tenant under said Canfield, and was so in possession at the time of the alleged cutting and removal.

Such title and possession in Canfield and the cutting of the timber under his directions was not disputed, except that plaintiff claimed that his tax deed, if valid, cut off all prior titles, and that the person who held the title to the lands could maintain trespass without having actual possession, and against the person in actual possession. In other words, that the holder of a valid tax-title would prevail without reference to the question of actual possession.

This position cannot be maintained. By a legal fiction possession follows the title in the absence of an actual possession by any one; and this constructive possession is sufficient to enable the owner to maintain trespass against a wrong-doer. The authorities are clear that to maintain trespass the plaintiff must have either the actual or constructive possession of the land, and there can be no constructive possession of lands in which third parties are in the actual adverse possession. This renders a discussion of the other questions immaterial.

The judgment must be affirmed with costs.

The other Justices concurred.