## THOMAS B. O'BRIEN v. ELLEN CAVANAUGH.

*Surveyor—Has no special right to decide upon starting points and other elements of location—Trespass—For injuries to present enjoyment of real property—Usually, can only be brought by the person in possession—Whether such action is available to owner when building injured is occupied by a tenant, Query—Tenancy at will—Determined by destruction of building occupied and ouster of tenant.*

1. A surveyor has no more right than any one else to decide upon starting points and other elements of location.

2. Usually, injuries affecting merely *present* enjoyment of real property can only be pursued in trespass by the person in possession. Whether such action will lie in behalf of the owner for demolishing a portion of a building occupied by a tenant at the time of the injury, dis- cussed but not decided (see opinion, page 371), the Court holding that the record fails to show any exclusion of the owner from pos- session, and he testifying to being present at the time, asserting his rights.

3. A tenancy at will is determined by the destruction of the building so occupied and the ouster of the tenant.

Error to Superior Court of Detroit. (Chipman, J.) Argued April 30, 1886. Decided May 6, 1886.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Case & Carpenter,* for appellant:

The plaintiff must have *actual* or *constructive* possession to maintain the action. Constructive possession is sufficient only where the freehold is in the plaintiff, and the premises trespassed upon were not at the time in the *actual possession of another.* This action will not lie by the owner of land against a third person if, at the time of the trespass, the premises were in the possession of a *tenant* for any certain term. After a careful search we do not find a single author- ity, either English or American, holding otherwise. *Torrence v. Irwin,* 2 Yeates, 210; *Greber v. Kleckner,* 2 Barr, 289; *Campbell v. Arnold,* 1 Johns. 510; *Tobey v. Webster,* 3 Id. 468; *Roussin v. Benton,* 6 Mo. 592; *Holmes v. Seely,* 19 Wend. 507; *Tilghman v. Cruson,* 4 Harring. 314; *Wood- man v. Francis,* 14 Allen, 198; *Clark v. Smith,* 25 Penn. St. 137; *Uettendorffer v. Saegers,* 50 Cal. 496; *Anderson v. Nesmith,* 7 N. H. 168; *Lane v. Thompson,* 43 Id. 322; *Wentworth v. Railroad,* 55 Id. 540; 2 Greenleaf on Ev. § 616; 1 Chitty's Pl. (16th ed.) 200; 4 Kent's Com. 119; *Ruggles v. Sands,* 40 Mich. 561; *Vandoozer v. Day- ton,* 45 Id. 249.

In the case of *Starr v. Jackson,* 11 Mass. 519, it was held that trespass would lie by the owner, though the premises were occupied by a tenant *at will,* if the injury was a per- manent one to the inheritance. This case was followed by *Davis v. Nash,* 32 Me. 411; *Hingham v. Sprague,* 15 Pick. 102; but the principle decided applies only in the case of a

*pure tenancy at will*: *Lienow v. Ritchie*, 8 Pick. 235; 1 Washb. on Real Property, 588.

Tenancies at will, at this day, exist only *nominally* in this country. Even in Massachusetts, when the statute was adopted requiring a three months' notice, similar to our own statute, to determine a tenancy at will, the courts held that it did away with such tenancies *in fact*, and that the doctrine laid down in *Starr v. Jackson* was no longer applicable: *Lienow v. Richtie*, 8 Pick. 235; *French v. Fuller*, 23 Id. 106; *Clark v. Smith*, 25 Penn. Stat. 137.

*Charles Flowers*, for plaintiff.

CAMPBELL, C. J. In this case plaintiff sued defendant in trespass for destroying and removing a part of a dwelling-house, which defendant cut away and demolished to erect a building of her own covering the place of the portion removed. The violence and destruction were clearly made out, but a defence was made resting on defendant's rights in a boundary dispute, and also concerning the form of action. Plaintiff recovered.

The testimony showed undisputed possession by plaintiff, as owner, of the premises in question for about 21 years, and of his maintenance of the building in question for about 14 years. Defendant's entry was forcible and violent. We agree with the court below in the opinion that there was nothing in the testimony to show that there was not a practical acquiescence in plaintiff's occupancy of all the land which was used for the building as belonging to his freehold. There was no testimony of any other right, except that of a surveyor, who undertook to change the line as the result of an *ex parte* survey, based on certain starting points, which threw out of place all the lots in the neighborhood.

We agree with the judge below that this survey could not lawfully be regarded. A surveyor has no more right than any one else to decide upon starting points and other elements of location. We have had frequent occasion to refer to the mischief done by the officious meddling of such persons under some notion that it is within their province to unsettle possessions and landmarks. There was nothing in

this case to show that the survey was correct in any of its governing features, and it was properly so held. How far a mistake could be shown, so as to disturb plaintiff's possession, is not material now, as the case he made out was not met by any legal showing. We think the only question, if the action was properly brought, was one of damages, and the amount is not complained of.

The question whether the action lay properly in trespass is one which is not free from difficulty. The precise point has not been passed upon in this State. Our statutes, which give treble damages to the owner in some trespass cases, seem to imply that he may sue whether in possession or not. But those statutes relate only to some particular kinds of depredation. Usually, as we have frequently held, injuries affecting merely present enjoyment can only be pursued in trespass by the person in possession. Here it is claimed that the premises were not in the possession of plaintiff, but of a tenant.

In *Starr v. Jackson*, 11 Mass. 519, the supreme court of Massachusetts, in an elaborate opinion, decided that a landowner could sue directly in trespass for damage to the inheritance, although a tenant at will was in possession. In that case, which has not, however, been deemed conclusive, counsel, who claimed that the action would not lie, put it, under the authorities, mainly on the ground that the lessor could not be lawfully on the premises to resist the trespasser, and therefore could only be injured indirectly, which would make case the remedy appropriate. The court there, recognizing an apparent conflict of modern cases, sustained its rulings by several citations from early English authorities, which certainly seem to favor the doctrine decided, and suggested that where the injury was direct and forcible, and therefore a trespass in its nature, the rule which would exclude a party injured from using the action of trespass to redress a trespass, in matters which no one else could be affected by in the same way, was artificial, and not worthy of extension.

This doctrine is recognized by Rolle and Comyn in the

case of tenancies at will: 2 Rolle, 551; Com. Dig. "Trespass," B. 2. And the same authorities hold that there are many cases where, upon re-entry, a disseizee may have trespass against wrong-doers covering the time of the disseizin. And in *Hey v. Moorhouse*, 6 Bing. N. C. 52, it was held that where a tenant held over wrongfully after his lease ended, the landlord could sue him, and any persons who took crops under him subsequently while he was in, and recover against them as trespassers. The conflicting cases dispute on very narrow grounds.

It is very evident that if the land in question here was occupied by a tenant at will, the tenancy ceased when the property was destroyed and the tenant ousted; and it is difficult to see any good reason for allowing a defendant to rely on a tenancy which his own act has ended, or to hold that plaintiff cannot assert his title.

But the record here does not, in our opinion, present any doubtful questions, and we need not decide any. The plaintiff's testimony showed that he was in possession, asserting his rights, and that on the occasion in question he was on the spot, acting alone in his own right, giving permission, which was acted on, to remove a part of the fence, and recognized by defendant as the person whose claims she was contesting. While he testifies to a tenancy by some third person, its terms are not shown, and there is nothing to indicate that he was thereby excluded from possession himself. Until something was shown excluding him from any right to be on the premises, his rights as owner are enough to sustain his action. Nothing of that kind is apparent on the record, and it cannot be assumed without proof. As the record stood, there was nothing for the jury to pass upon in derogation of plaintiff's possessory right.

We think there is no available error in the record, and the judgment must be affirmed.

The other Justices concurred.