## HERVEY SULLINGS v. FREDERICK CARTER.

*Trespass—Right of flowage—Fishing.*

1. In trespass for removing signs which the plaintiff had placed in and upon the shore of a mill pond claimed by him, forbidding fishing in the pond, it appeared that the defendant and his wife were the owners of the fee, subject to the right of the plaintiff to flow the land for milling purposes. And it is held that such easement did not give the plaintiff the right to maintain said notices; citing *Bay City Gas-light Co. v. Industrial Works,* 28 Mich. 182; *Bigelow v. Shaw,* 65 Id. 341.

2. It was competent for the defendant to show, in support of his notice of title, that the fee of the land was vested in himself and wife.

Error to Kalamazoo. (Buck, J.) Submitted on briefs May 2, 1895. Decided May 21, 1895.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Oscar T. Tuthill,* for appellant.

*Frank E. Knappen* and *Howard & Roos,* for defendant.

HOOKER, J. The plaintiff brought trespass in justice's court against the defendant, whom he charged with having removed some signs which he had erected in and upon the shore of a mill pond claimed by the plaintiff.

These signs forbade fishing in the pond. The case was certified to the circuit upon a plea of title in the defendant.

The court instructed the jury that the evidence showed title in fee to the premises in the defendant and his wife, and failed to show such title in the plaintiff, unless it were a title by adverse possession, which question he left to the jury. He instructed the jury further that under the evidence relied upon by the plaintiff, aside from that bearing upon adverse possession, the plaintiff had at most a right to flow the land for mill purposes, and that this right did not preclude the owner of the fee from using the land for purposes consistent therewith, and that he was not a trespasser if he entered and removed the signs, unless plaintiff had acquired title by possession. Counsel for the plaintiff groups his assignments of error, and discusses them together under four questions, viz.:

"1. Does the plaintiff's deed give him a title to the land conveyed, and for the purpose thereof?

"2. Does he own all the land bounded by the margin of the pond?

"3. Does he have a right to flow all of the land sufficient for milling purposes?

"4. When flowed sufficient therefor, may he not control and use it for any purpose?"

We think it unnecessary to set out in detail the several deeds offered to prove title in the respective parties. The plaintiff claimed to be occupying under a deed from one Cameron, which purported to convey—

"The right to flow the pond the same as heretofore enjoyed by the parties of the first part, or any former owners, without limitation of the head or height of said pond, and all the land flowed by said pond and bounded by the margin of said pond, hereby intending to convey the water privilege, and all the land that may be flowed by said pond, the same as acquired by deed of George W. Fish and wife by the party of the first part."

It was contended that this deed conveyed the fee to

the land under and surrounding the pond, and upon this claim the plaintiff must stand or fall, the jury having found against him upon the question of adverse possession.

. The deed from Fish has no substantial foundation. Fish's claim of title can be traced back to one Dunbar, but there is nothing to show that Dunbar had any title. On the other hand, a perfect title in fee was shown from the government to the defendant and his wife. The only limitation upon this title was a reservation in a deed given by Samuel Percival to Montgomery Percival, as follows, viz.:

"Now, the party of the first part reserves and retains the equal, undivided privilege of building a dam and flowing the land on the west side of said creek sufficient for milling purposes."

The rights of Samuel Percival were not shown to have been conveyed to the plaintiff, or any other person, and the plaintiff was therefore obliged to rely wholly upon his possession of the pond, and the court could not do otherwise than to hold (1) that the plaintiff's deed gave him no title to the land as against the defendant and his wife, and consequently (2) that he did not own all of the land bounded by the margin of the pond.

The circuit judge instructed the jury that the defendant and his wife had the entire and unlimited fee of said land, subject to the single reservation of Samuel Percival. If the plaintiff can be said to be the owner of that interest, which, under his deed from Cameron, and possession taken under it, may perhaps be sufficiently proved to support an action of trespass as to such right, it gave him no right to prevent the defendant from exercising dominion, so far as not inconsistent with plaintiff's easement for milling purposes, and such easement did not give plaintiff the right to maintain notices that persons should abstain from fishing in the pond. *Bay City Gas-Light Co. v. Industrial Works,* 28 Mich. 182; *Bigelow v. Shaw,* 65 Id. 341. Hence, if it be conceded that plaint-

iff had the right to flow all of the land for milling pur-
poses, it does not follow that, "when flowed therefor, he
may control and use it (exclusively) for any other pur-
pose."

Counsel for the plaintiff contends that the defense set
up in defendant's notice is not supported by the evidence,
inasmuch as the defendant and his wife, and not the
defendant alone, are owners of the title. We think there
is no force in this. This title is a defense, because it
shows that the defendant had a right to commit the
act alleged; and this was as much his right as a tenant
in common as though he had been sole owner. He
relied upon his title, and his only, and it was adequate
to support his right, as alleged in the notice. We think
this covers the important questions in the case, and that
a discussion of the various assignments of error is
unnecessary.

The judgment of the circuit court will be affirmed.

The other Justices concurred.