NEWCOMB *v.* LOVE.

TRESPASS—POSSESSION—EVIDENCE.

In an action of trespass *qu. cl.*, it conclusively appeared that defendant had made use of the land for farming purposes for several years, that it lay on his side of the fence built by him to mark the boundary line, and that plaintiff acquired his alleged possession by breaking through the fence, and was immediately ejected by defendant. *Held,* that the possession of the defendant was established, and that verdict should have been directed in his favor.

Error to Grand Traverse; Corbett, J. Submitted January 15, 1897. Decided March 17, 1897.

Trespass *quare clausum fregit* by Henry C. Newcomb against Isaac Love and Abram Love. From a judgment for plaintiff, defendants bring error. Reversed.

*M. B. Pulcipher,* for appellants.

*Foster & Crotser,* for appellee.

MOORE, J. The farm of the defendant Isaac Love is north of and adjoining the farm of the plaintiff. No formal survey had been made of the division line until May, 1892, though years ago Mr. Love ran a line, and set a stone, which was called a "corner stone," and a fence, which was treated as the line fence, had existed for a number of years. In 1892, Mr. Tuller was employed by Mr. Newcomb, Mr. Love, and others, to make a survey of the line between the farms. There was a discrepancy between the government plat and the field notes. The parties agreed in writing that the surveyor might make the survey according to the official plat, giving to each man his amount of land as sold by the official plat. The

surveyor ran the line according to the agreement, and it was found that the line fence was two to four rods farther north than the line established by the survey. The fences were afterwards removed to the line as found by the survey. The portion to be built by each party was assigned to him, and each one built his portion of the fence; and Mr. Love took possession of the strip, and put it into crops. Afterwards a road was laid out on the south side of the line fence, and a strip taken from Mr. Newcomb's land, for which Mr. Newcomb was paid. In the spring of 1895, Mr. Newcomb became dissatisfied with the line as established by Mr. Tuller, and attempted to take possession of a portion of the strip, and succeeded in plowing a portion of it. The parties are not agreed as to what was done at that time. It is the claim of the plaintiff that Mr. Love assented to plaintiff's right to occupy the strip, and agreed later to remove the fence. The defendant denies this, and says he notified plaintiff that he must not do anything more to the land; that he was the owner of it; that he should not yield his title until he was compelled to do so by the law. The record shows without dispute that the defendant put in the land plowed by the plaintiff to beans, and harvested the crop. On or about the 20th of September, 1895, in the absence of the defendant, the plaintiff, with his hired man, broke through the fence built by the defendant, and commenced to plow a portion of the strip. They had plowed two or three furrows when Isaac Love and his son discovered them. The defendants at once came to where the plaintiff and his man were at work, bringing clubs with them, and notified the plaintiff that he was a trespasser, and must leave. The plaintiff inquired if they intended to use the clubs, and they answered they intended to use all the force necessary to put the plaintiff out. He and his hired man then withdrew, and plaintiff sued defendants in an action of trespass. The defendants asked the court on the trial to direct a verdict in their favor, for the reason that trespass

would not lie against one in the actual possession, claiming to be the owner. The court declined to so instruct the jury, but left it for the jury to decide whether the defendants were in the actual possession of the land or not. They found that the plaintiff was in possession, and returned a verdict in his favor of six cents. Defendants appeal.

The rule is well settled that trespass to real property cannot be maintained unless the plaintiff had actual or constructive possession of the property when the trespass was committed, and never when the possession of the property was in the defendant. *Ruggles* v. *Sands*, 40 Mich. 560; *Carpenter* v. *Smith*, Id. 639; *Miller* v. *Wellman*, 75 Mich. 353; *Wood* v. *Railroad Co.*, 90 Mich. 212; *Kinney* v. *Ferguson*, 101 Mich. 178. The plaintiff testified, upon the examination of his own counsel, that after the Tuller survey Mr. Love took possession of the strip of land, and had occupied it ever since; that he had cropped it three times; that, on the 20th of September, he had part of it into wheat, and was at that time occupying the land; that, between the 3d and 20th of September, he had a talk with Mr. Love, who said he had possession of the land, and he calculated to hold it; and that he did maintain possession of it. After he had rested his case, he attempted to correct his testimony, by swearing that, at the time Mr. Love and his son came with the clubs, he (the plaintiff) was in possession. But in that same connection he testified that he got possession by breaking open the fence built by Mr. Love, and that, as soon as Mr. Love found him there, he threatened, with clubs in his hands, to put the plaintiff off. His testimony, taken together, indicates conclusively that Mr. Love was in the occupancy of the premises; that they were broken into by plaintiff; and that he at once was driven off by Mr. Love. There is nothing in the plaintiff's testimony, or that of any other witness, that will warrant any other inference than that the defendants were in possession of the land at the time of the alleged trespass.

Judgment should be reversed, with costs, and the cause remanded to the court below.

The other Justices concurred.