BRADFORD v. GOLDMAN.

1. TRESPASS—BURDEN OF SHOWING TITLE OR ACTUAL POSSESSION IN PLAINTIFF.

In a plea of trespass on the case for damages to real estate, plaintiff, in order to prove his case, has the burden of showing title or possession of the property in himself and when possession is to be shown plaintiff must show actual possession of the property trespassed on at the time of the trespass.

2. SAME—ACTUAL POSSESSION—OCCUPANCY.

Actual possession of real estate, necessary to maintain an action for trespass thereupon, means occupancy.

3. SAME—OWNERSHIP   BURDEN   OF   PROOF—EVIDENCE—QUITCLAIM DEED.

Plaintiff in action of trespass for damages to certain buildings arising out of the removal of machinery by defendant who introduced no evidence of actual possession of the property

and showed title only by way of quitclaim deed from parties not shown to have had title or possession at time deed was given *held,* not to have sustained his burden of proving his ownership.

4. SAME—OWNERSHIP—CONCLUSIONS.

In action for trespass on realty, ownership cannot be proved by a conclusion where the facts showing such conclusions are left in uncertainty.

5. SAME—OWNERSHIP—CONCLUSIONS—EVIDENCE.

A mere statement of ownership by a party in an action for trespass on realty is a conclusion of law and not competent evidence of the ownership.

6. TAXATION—DELINQUENT TAXES—TITLE IN STATE—AUDITOR GENERAL.

Under general property tax law providing that when certain facts exist in connection with delinquency in payment the title to the land shall vest in the State, it is the existence of those facts which vest the title in the State and not the determination of such facts by the auditor general (1 Comp. Laws 1929, § 3520, as amended by Act No. 50, Pub. Acts 1931, and Act No. 250, Pub. Acts 1933).

7. PROPERTY—PRESUMPTION OF OWNERSHIP—ASSESSMENT FOR TAXES —EVIDENCE.

Ownership of property will be presumed to be in the person in whose name it is assessed for taxation but such presumption will disappear upon the introduction of evidence.

8. TRESPASS—TITLE TO REALTY—ASSESSMENT FOR TAXES—PRESUMPTIONS—EVIDENCE.

In action of trespass for damages to certain buildings arising out of the removal of machinery sold by plaintiff to defendant, presumption of ownership in plaintiff because the property was assessed for taxes in his name in 1937 *held,* insufficient to establish his right to maintain the action where a court of competent jurisdiction had decreed the title to the lands to be in the State, and county treasurer testified that the property had been delinquent for more than five years, was bid in by the State, time for redemption had expired, and no application to pay the taxes had been made (1 Comp. Laws 1929, § 3520, as amended by Act No. 50, Pub. Acts 1931, and Act No. 250, Pub. Acts 1933).

9. Contracts—Consideration—Burden of Proof—Pleading.

> In assumpsit to recover damages for injuries alleged to have been sustained by removal of machinery plaintiff had sold defendant wherein plaintiff claimed that after defendant had removed the equipment he promised to repair the buildings, plaintiff failed to sustain his burden of proving contract alleged when he failed to prove consideration for such contract even though defendant did not set up consideration as an affirmative defense.

10. Appeal and Error—Questions Reviewable—Assignment of Error—Briefs.

> A question which was not raised on assignments of error, nor briefed on appeal, need not be reviewed by Supreme Court (Court Rule No. 66, § 3 [1933]).

Appeal from St. Clair; George (Fred W.), J. Submitted June 7, 1939. (Docket No. 30, Calendar No. 40,534.) Decided September 6, 1939. Rehearing denied November 9, 1939.

Action by Clarence A. Bradford against Jacob S. Goldman for damages arising from removal of machinery from a building. Directed verdict and judgment for defendant. Plaintiff appeals. City of Marine City intervened. Affirmed.

*Clarence A. Bradford*, in pro per.

*Shirley Stewart* (*Stewart & Black*, of counsel), for defendant.

*Ervin C. Jones*, for intervener, city of Marine City.

North, J. Plaintiff sued in counts of assumpsit and tort in trespass for damages to certain buildings arising out of the removal of machinery sold by plaintiff to defendant. On a trial before a jury, the court directed a verdict of no cause of action on the ground that plaintiff had not sufficiently shown

ownership of the real estate, and that he had therefore failed to prove a cause of action.

Plaintiff, a lawyer duly admitted to practice, had been engaged in the paper industry for many years, and in 1929 as part of a plan of promotion he purchased the bonds of the Independent Sugar Company located in St. Clair county and received a quitclaim deed from George H. Clemens and wife. Thereafter he made a proposal to the municipality of Marine City for the establishment of a paper mill in that locality, provided the city would cancel its claims for past due taxes. He planned to organize a company and sell stock to finance the business. By a referendum vote the city approved the proposition, but plaintiff never thereafter carried out his proposal. At that time, taxes were delinquent on the real estate and had been delinquent since 1919; in fact, the only taxes thereafter paid were for the years 1929, 1930 and 1931.

In the latter year, plaintiff started moving certain equipment from the plant, whereupon the auditor general of the State filed a bill in equity against him to enjoin such removal.

On a hearing in the circuit court for the county of St. Clair in July, 1931, the court filed an opinion reciting that the taxes assessed against the property, having become delinquent, the "property was advertised * * * for sale and bid in to the State and is now the property of the State of Michigan, subject to the provisions of the general tax law. * * * It is the finding of the court that the machinery and material sought to be removed by the defendant belongs to the State of Michigan as part of the real estate formerly owned by the Independent Sugar Company." In the decree, plaintiff was enjoined from removing any of the machinery or equipment from the premises, excepting a certain

hoisting crane which was located outside the buildings and which apparently was not considered affixed to the realty, but was personal property. Plaintiff was also permitted to remove several barrels of sulphur from the premises. The decree was appealed to the Supreme Court by plaintiff herein, but was later dismissed for want of prosecution, with the result that the decree of the circuit court remains final in the case.

In a plea of trespass on the case for damages to real estate, plaintiff, in order to prove his case, has the burden of showing title or possession of the property in himself. *Miller* v. *Wellman*, 75 Mich. 353, 359. With regard to proof of possession, a plaintiff in a trespass action must show actual possession of the property trespassed on at the time the trespass was committed. Actual possession means occupancy. 49 C. J. p. 1096. There was no evidence of actual possession of the property in question by plaintiff.

To show title, plaintiff introduced in evidence a quitclaim deed from George H. Clemens and wife. There was no showing however that the said parties had title or possession at the time the quitclaim deed was given. In *Anderson* v. *Thunder Bay River Boom Co.*, 57 Mich. 216, 217, it was held that in an action of trespass, "A quitclaim deed from a party not shown to have been in possession at the time it was executed is no evidence of title." See, also, 63 C. J. p. 1021. The quitclaim deed from Clemens was no evidence of plaintiff's title.

Plaintiff, however, contends that he testified that he was the owner of the property. Ownership cannot be proved by a conclusion where the facts showing such conclusions are left in uncertainty. 23 C. J. p. 58. A mere statement of ownership by a party is a conclusion of law, and not competent evi-

dence of the ownership. See *Hawkins* v. *Harding,* 37 Ill. App. 564, 572, 573.

On the trial, the county treasurer testified from a statement by the office of the auditor general that prior to 1933 there were more than five years delinquent taxes assessed against the property, and that during one of the said years the property had been bid in by the State; that the time for redemption of such bids had expired; and that no statutory application to pay the taxes had been made.

Section 3520, 1 Comp. Laws 1929, as amended by Act No. 50, Pub. Acts 1931, and Act No. 250, Pub. Acts 1933 (Stat. Ann. § 7.181), provides:

"Whenever it shall appear by the records in the auditor general's office that any lands are delinquent for taxes for five years or more and that said lands have been bid off to the State one or more times by reason of such delinquent taxes, and that the time of redemption of such sale or sales has expired and no application has been made to pay, to redeem or purchase the same, and it shall appear that no action is pending in circuit court of the county where said lands are situated to set aside the taxes or remove the cloud on the title occasioned thereby, the title to the State shall be deemed absolute in and to said lands; and it shall be the duty of the auditor general and the director of the department of conservation to cause an examination of such lands to be made as soon as practicable, to ascertain their value and if abandoned.  *  *  *  The finding and determination of the auditor general and the director of conservation shall show:

"First, A description of said lands;

"Second, The years for which they have been returned delinquent for taxes;

"Third, The time or times bid off to the State, and the taxes for which said bid was made;

"Fourth, Whether said lands are occupied or abandoned;

"Fifth, Whether or not any suit is pending in the county where said lands are situated to set aside the taxes, or any of them, or to remove the cloud occasioned thereby."

In *Alcona Board of Supervisors* v. *Auditor General*, 138 Mich. 491, it was held that, according to the provisions of Act No. 107, Pub. Acts 1899 (which is identical as far as its application to this case with 1 Comp. Laws 1929, § 3520, as amended), it was the existence of the state of facts enumerated by the act, and not the determination of such facts by the auditor general, that vested title to such lands in the State.

See, also, *Rathbun* v. *State of Michigan*, 284 Mich. 521, 539.

A further claim upon which plaintiff asserts evidence of ownership is the fact that the property was assessed for taxes in his name in 1937. It has been stated that ownership of property will be presumed to be in the person in whose name it is assessed for taxation. 50 C. J. p. 786. However, at most, such assessment merely creates a presumption, which disappears upon the introduction of evidence. In view of the fact that a court of competent jurisdiction has decreed the title to the lands claimed by plaintiff to be in the State, and in view of the evidence of the county treasurer that the property had been delinquent for more than five years, was bid in by the State, the time for redemption had passed, and no application to pay the taxes had been made, the frail presumption under such circumstances of ownership in the plaintiff, because of assessment of taxes in his name, disappears. Plaintiff failed to prove title or possession in himself and therefore cannot maintain an action in trespass.

With regard to the count in assumpsit, plaintiff claims that after defendant had removed the equip-

ment, he promised to repair the buildings. There was no express undertaking on his part to do so at the time the sale was entered into. It is an alleged subsequent agreement by defendant upon which plaintiff relies. There was, however, no consideration proved for such an undertaking, and the burden is on plaintiff to prove consideration, even though defendant did not set up want of consideration as an affirmative defense. Plaintiff did not sustain the burden of proving the contract alleged. The question, however, was not raised on assignments of error, nor was it briefed. Court Rule No. 66, § 3 (1933); *Sudinski* v. *Krohn,* 242 Mich. 497, 504, 505.

Judgment affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.