### BARBARESOS *v.* CASASZAR.

1. EASEMENTS—GRANT—RESERVATION—WAY OF NECESSITY.

   In suit by owners of two parcels of land against servient owner to enjoin interference with right of passage, evidence does not show plaintiffs are entitled to have tacked onto their claim of easement any rights of their predecessors and clearly shows that plaintiffs had no easement in driveway as to larger and more distant parcel either by grant, by reservation of a common grantor or by way of necessity.

2. SAME—WAY OF NECESSITY—ALTERATION OF BUILDING.

   Alteration of building so as to cut off entrance thereto by vehicles from public alley did not alter matter of legal necessity as to use of easement over defendant's land not located adjacent to the public alley.

3. SAME—PRESCRIPTION.

   The elements necessary to give rise to a prescriptive right of passage are the same as those of title by adverse possession, with the exception that it does not have to be exclusive.

4. SAME—MUTUAL USER—ADVERSE USER.

   A prescriptive easement does not arise out of a mutual use of a driveway until mutuality ends and adverse user commences and continues for the period essential to the fastening of such a right.

5. SAME—PERMISSIVE USE—ADVERSE USER.

   If the user of an easement was permissive at inception, such permissive character will continue of the same nature and no adverse user can arise until there is a distinct and positive assertion of a right hostile to the owner and brought home to him.

---

* Continued from Volume 324.

REFERENCES FOR POINTS IN HEADNOTES

[3] 17 Am Jur, Easements, §§ 56, 59, 64.
[4, 5] 17 Am Jur, Easements, § 67.
[6, 7] 17 Am Jur, Easements, §§ 10, 98, 101.

6. Same—Appurtenant to Entire Dominant Estate—Increase of Burden.

While an easement appurtenant to an estate is so to every part thereof, whatever the subdivision at the time or subsequently, the servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement.

7. Same—Increase of Burden.

In suit by owners of two parcels of land against owner of land in same city block over which a right of way had been reserved in favor of small adjacent parcel owned by plaintiffs, burden on servient estate may not be increased so as to extend easement to larger and more remote tract also owned by plaintiffs where, as to such parcel, there was neither an easement by grant, reservation, way of necessity or prescription.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 5, 1949. (Docket No. 1, Calendar No. 43,863.) Decided May 18, 1949.

Bill by Peter Barbaresos and others against Alex Casaszar to enjoin interference with easement claimed by plaintiffs. Decree for defendant. Plaintiffs appeal. Affirmed.

*Herman J. Saulson* and *John C. Coots,* for plaintiffs.

*Henry Stone,* for defendant.

North, J. Plaintiffs are the owners of improved business property fronting approximately 38 feet on Linwood avenue in Detroit. Defendant is the owner of improved business property adjoining plaintiffs' property on the south and having a Linwood avenue frontage of 77 feet. These properties are on the westerly side of Linwood. The north 28.91 feet of plaintiffs' property extends back 119 feet to a paved public alley, but the balance of plain-

tiffs' property is only 77 feet deep.   Defendant's
property has the same depth of 77 feet back wester-
ly from Linwood, and is bounded on the south by a
public street—Virginia Park.   Plaintiffs claim that
they have as appurtenant to their property a right
of driveway 10 feet wide extending from Virginia
Park across the rear of defendant's property; and
plaintiffs allege that defendant has interfered with
their lawful use of the driveway by parking trucks
and other vehicles therein, and that defendant has
threatened to permanently close the driveway by
erecting a fence thereon and a building.   Issue was
framed  and  after  hearing  the  injunctive  relief
sought by plaintiffs was denied and their bill of com-
plaint dismissed. Plaintiffs have appealed.  For both
clarity and brevity we accompany our opinion with
an outline of the property involved.

Plaintiffs' property consists of parcels designated A and B. The latter parcel extends back 77 feet to the west side of the 10-foot driveway. Defendant owns parcel C which also extends back to the west side of the driveway. But both parcels B and C are subject to the driveway easement. The owner of parcel D is not a party to this suit, and it is indicated on the outline only because it together with parcels B and C was owned by the common grantor in the chain of title under which these litigants through mesne conveyances became possessed of their respective titles.

Prior to August, 1917, Louis Chernoff and wife became the owners of parcels B, C and D. They never owned parcel A. In August, 1917, the Chernoffs conveyed parcel C but they reserved for themselves, their heirs and assigns "the right to use * * * as a driveway jointly with the owners of" parcels B and C a strip of land 10 feet in width adjacent to the easterly side of parcel D.

In September, 1917, the Chernoffs sold and conveyed parcel D, including the right in the grantees, their heirs and assigns, to the 10-foot driveway over the west end of parcels B and C "jointly with the owners of" parcels B and C.

And in 1919 the Chernoffs sold and conveyed the remaining portion of their property, parcel B, which had only 9.73 feet frontage on Linwood and a depth of 77 feet. The warranty deed contained the provision that conveyance was "subject however to an easement in the westerly 10 feet of said parcel of land, which easement consists of a driveway for the use of the owners of" parcels B, C and D.

At the time the Chernoffs owned the parcels hereinbefore referred to the property was unimproved. In none of such conveyances or in any other conveyance disclosed in his record did any right of easement in the driveway become appurtenant to

parcel A. Defendant admits that plaintiffs have an easement in this right of way that is appurtenant to parcel B, but strenuously objects to plaintiffs imposing an additional burden on the easement by using the driveway to serve all of plaintiffs' larger needs incident to the buildings located in part on parcel B but to a much greater extent on parcel A. A restaurant business is conducted in the building which occupies the whole frontage of parcels A and B on Linwood, and a bakery is operated in another building which occupies the full width of parcel A at the westerly end thereof adjacent to the public alley.

As against defendant's claim in the respect just above noted plaintiffs assert that by user over a period of 20 odd years, they have a prescriptive right to continue the use of the driveway as an easement subservient to both parcels A and B.

The following facts are pertinent. Plaintiffs, Peter and Pauline Barbaresos, obtained title by quitclaim deed from Bankers Trust Company of Detroit January 24, 1941, to parcels A and B, the latter parcel being subject to the driveway easement over the west 10 feet thereof. The whole Linwood frontage of these 2 parcels is occupied by a 2-story brick building. Plaintiff Dan Barbaresos and George Vatsis, as partners, conduct a restaurant business in the first story and there are living quarters above. While the record fails to disclose how plaintiff Dan Barbaresos became vested with any interest in parcels A and B, it was stipulated in the trial court that he is a joint owner with the other two plaintiffs.

In June, 1944, defendant purchased the vendee's interest in a land contract for parcel C and approximately one year later obtained title from an Illinois corporation. Prior to his purchase of parcel C, defendant as a tenant had occupied one of the 4 stores located thereon since 1922 and had full knowledge

of the driveway and its use along the rear of these stores.

The only contested issue in this case is whether plaintiffs are right in their contention which, as stated in their brief, is: "Plaintiffs claim an easement by prescription in favor of Lot 1 (parcel A) by adverse user for a period of more than 20 years." At the conclusion of plaintiff's brief their contention and the relief sought by them are stated as follows:

"For the reasons and law cited, we submit that there is an easement for alley purposes in the 10-foot strip which is appurtenant to lot 1 (parcel A), and the 9.73 feet of lot 2 (parcel B) owned by plaintiffs. That the user of this right of way has been under a claim of right for 22 years which is a longer time than is necessary to establish an easement by prescription. * * * And * * * (a decree should be) entered here establishing the rights of the plaintiffs to use this strip for the purpose of all their property (parcels A and B) and an injunction issued restraining defendant from interfering with plaintiffs' use of this easement."

The bill of complaint herein was filed and process served in April, 1945. As before noted, plaintiffs did not become the owners of this property until January 24, 1941. Nothing appears in this record which would justify a holding that they are entitled to have tacked onto their claim of easement any rights which their predecessors in title might have acquired. In so stating we are mindful that George Vatsis (who is one of the partners conducting a restaurant business in plaintiffs' property) from August, 1924, to the time when plaintiffs purchased, conducted the Stafford Lunch Bar which was located on parcel B and possibly also on the southerly part of parcel A, although the record is not clear as to this latter circumstance. It does appear that prior

to plaintiffs' purchase (1941) the brick building on parcels A and B was divided into 2 stores with separate entrances from Linwood. Vatsis conducted his business in the southerly one of these 2 stores. From August, 1924, to January, 1941, the 10-foot driveway was continuously used to bring merchandise, milk, coal, et cetera, for Vatsis' needs in his business, and also to remove garbage and ashes. After plaintiffs' purchase the 2 stores were opened into 1 which is now occupied as a restaurant conducted by Dan Barbaresos and George Vatsis. Peter Barbaresos was not a witness in the trial court. Until defendant's purchase of his property the driveway continued to be used as theretofore and without protest. But since defendant's purchase (1944 or 1945) he has protested plaintiffs' right to use the driveway incident to serving plaintiffs' property on parcel A, claiming such use imposed an additional servitude.

It clearly appears that as to parcel A plaintiffs have no right of easement in the 10-foot driveway, either by grant or by reservation of a common grantor. Nor have plaintiffs a right to use this driveway as a matter of necessity; because parcel A extends back to the 18-foot public paved alley, and when plaintiffs purchased parcel A there was access thereto for both vehicles and pedestrians from this public alley. More recently plaintiffs have so altered their building adjacent to the alley that entrance by vehicles is cut off. But that does not afford plaintiffs a right of way as a matter of necessity. Other reasons resulting in this same conclusion need not be noted.

We are also of the opinion that as to parcel A plaintiffs do not have a right to use the 10-foot driveway by prescription or by reason of use over a period of years. The use of this driveway by Vatsis since 1924 was, as far as disclosed by the record,

purely permissive, except as such use was incident to his occupancy of parcel B. Any further or additional use was never asserted as a right hostile to defendant prior to defendant's contract purchase in 1944. It was only after such purchase, and possibly after defendant obtained his deed in 1945, that plaintiffs asserted such a claim. The testimony on this phase of the case was given by plaintiffs' witness Vatsis as follows:

"It was about 6 months ago that I first had difficulty about using this driveway with the defendant. He attempted to block the driveway. From 1924 until that time I had no trouble."

"The elements necessary to give rise to a prescriptive right (of driveway) are the same as those of title by adverse possession, with the exception that it does not have to be exclusive." *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich 569, 576.

"A prescriptive easement does not arise out of a mutual use of a driveway until mutuality ends and adverse user commences and continues for the period essential to the fastening of such a right. If the user was permissive at inception, such permissive character will continue of the same nature and no adverse user can arise until there is a distinct and positive assertion of a right hostile to the owner and brought home to him." *Hopkins* v. *Parker,* 296 Mich 375, 379.

In *Bang* v. *Forman,* 244 Mich 571, we quoted with approval from *Brossart* v. *Corlett,* 27 Iowa 288, as follows:

" 'The rule, we grant, is that an easement appurtenant to an estate is so to every part thereof, whatever the subdivision at the time or subsequently. But it is just as true that the servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement.' "

Under this record plaintiffs did not establish an easement by prescription to use the 10-foot driveway incident to the needs or conveniences of parcel A, which clearly would impose an additional servitude on the easement. By his decree the circuit judge protected plaintiffs' right of easement insofar as it was appurtenant to parcel B, which is not contested by defendant; otherwise by the decree entered in the circuit court plaintiffs' bill of complaint was dismissed. The decree so entered is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.