**Henry G. BARTSCH, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 3348, 3349.

District of Columbia Court of Appeals.

Submitted Nov. 27, 1963.

Decided Jan. 8, 1964.

Henry G. Bartsch, appellant, pro se.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge.

Appellant was found guilty of "failing to barricade an unoccupied building" in violation of the District of Columbia Building Code, and "maintaining combustible or inflammable material" in a private dwelling in violation of the District of Columbia Police Regulations. He contends he was denied an opportunity to introduce evidence showing he was not the owner of the property.

The sole witness for the government was an inspector from the District of Columbia Fire Marshal's Office. He testified that in May 1963 an investigation of the premises at 126 C Street, N. W., disclosed the violations for which appellant was charged. He testified that appellant was listed on the real estate tax records as the owner of the property.

Appellant denied owning the property and stated that in 1949 he had delivered a deed conveying his entire right, title and interest therein to one Mary V. Bowes. To support his testimony, appellant tendered to the court a certified copy of a sworn complaint filed in the United States District Court for the District of Columbia seeking a declaratory judgment and injunctive relief. The court asked appellant if he had any records or documents which would con-

trovert the inspector's testimony that he was the record owner of the premises, and appellant replied in the negative. The court thereupon refused to admit into evidence the tendered complaint or to permit appellant to testify concerning its contents. The court ruled that such testimony was irrelevant.

In Bradford **v.** Goldman, 290 Mich. 338, 287 N.W. 541, 544 (1939), relied upon by appellee, the court stated that "ownership of property will be presumed to be in the person in whose name it is assessed for taxation." But, the court added, "However, at most, such assessment merely creates a presumption, which disappears upon the introduction of evidence." See also, McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537, 539–40 (1957).

Similarly, it has been said that "a mere tax receipt [listing a person's name] does not establish ownership." McCoy v. Anthony Land Company, Inc., 230 Ark. 244, 322 S.W. 2d 439, 443 (1959). We have noted that:

" * * * Owner is not a technical term and its meaning varies according to the context in which it is used. It does not necessarily mean the holder of the technical legal title. * * * Urciolo v. District of Columbia, D.C.Mun. App., 82 A.2d 909, 910 (1951).

We hold, therefore, that it was error to rule appellant's testimony was irrelevant. The presumption, if any, created by the real estate tax records was not irrebuttable.

Reversed with instructions to award a new trial.