TITTIGER v JOHNSON

Docket No. 46946. Submitted October 8, 1980, at Lansing.—Decided
    February 3, 1981.

    Frank J. and Juanita M. Tittiger, owners of the dominant estate
    in an easement, brought an action against F. R. Johnson, the
    owner of the property, for damages for intentional destruction
    and interference with their easement and for other relief. The
    easement is a private road which the defendant relocated
    farther from his residence because the plaintiffs were storing
    large construction equipment on their property and the equip-
    ment passed close to the defendant's residence. The Washtenaw
    Circuit Court, Edward D. Deake, J., entered judgment in favor
    of the plaintiffs, ordered the defendant to restore the road, and
    prohibited the plaintiffs from overburdening the easement.
    Plaintiffs appeal, alleging that they should have been awarded
    treble damages. *Held:*

    The statute which allows treble damages for intentional
    trespass does not apply to easements. Only the owner of the
    damaged property is entitled to treble damages under the
    statute. The trial court's award of damages was not clearly
    erroneous, nor was the order restricting the plaintiffs' use of
    the easement.

    Affirmed.

1. TRESPASS — DAMAGES — EASEMENTS — STATUTES.

    A statute which provides for assessment of treble damages in the
    case of an intentional trespass does not apply where the owner
    of the land interferes with a plaintiff's use of an easement
    across the land; trespass to real property cannot be maintained
    when the defendant is in possession of the property (MCL
    600.2919; MSA 27A.2919).

2. EASEMENTS — SERVIENT ESTATES — BURDEN ON SERVIENT ESTATE.

    A servient estate is not to be burdened to a greater extent than
    was contemplated at the time of the creation of an easement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Easements and Licenses § 122.
   75 Am Jur 2d, Trespass § 25.
[2] 25 Am Jur 2d, Easements and Licenses §§ 74, 79.

*Garris, Garris & Garris, P.C.,* for plaintiffs.

*Conlin, Conlin & McKenney,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

V. J. BRENNAN, P.J. Plaintiffs appeal as of right from a trial court's award of damages in their favor.

On June 21, 1977, plaintiffs, owners of the dominant estate, instituted this action against defendant, owner of the servient estate. The complaint sought damages for intentional destruction and interference with their easement, treble damages pursuant to MCL 600.2919; MSA 27A.2919, and recovery for emotional distress. A permanent injunction restricting future interference was also sought. Defendant counterclaimed alleging that plaintiffs had overburdened the easement by using it for commercial purposes.

The easement in question is a private road which runs approximately 1/2 mile from a public road over defendant's property to plaintiffs' parcel. Defendant relocated the portion of the roadway which passed by his residence so that a section was located farther from his home onto an adjoining neighbor's property. He then blocked off the old portion of the roadway so that plaintiffs were forced to either travel onto the new bypass or remove the obstruction. The crown of the old portion of the road was also leveled by the defendant. Defendant admitted that he had relocated a section of the roadway to divert traffic away from his home. However, he maintained that he had done so because the plaintiffs were storing large construction equipment on their premises and the

machinery passed approximately 10 feet from defendant's home as it traveled on the roadway.

After trial, the court rendered judgment in plaintiffs' favor and awarded damages of $1,500. In addition, defendant was ordered to restore the road, both as to width and crown, at his own expense. Defendant was permanently restrained from interfering with plaintiffs' use of the easement. Plaintiffs, conversely, were prohibited from using the easement for commercial purposes so as to overburden the easement. Plaintiffs appeal as of right.

The primary question presented by this appeal is whether MCL 600.2919; MSA 27A.2919 entitles the holder of an easement to treble damages where the owner of the servient estate intentionally obstructs or interferes with the enjoyment of that easement. In pertinent part, the foregoing statute states:

"Any person who

"(a) cuts down or carries off any wood, underwood, trees, or timber or despoils or injures any trees on another's lands, or

"(b) digs up or carries away stone, ore, gravel, clay, sand, turf, or mould or any root, fruit, or plant from another's lands, or

"(c) cuts down or carries away any grass, hay, or any kind of grain from another's lands

without the permission of the owner of the lands, or on the lands or commons of any city, township, village, or other public corporation without license to do so, is liable to the owner of the land or the public corporation for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the

trespass was committed was his own, or that the wood, trees, or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only."

After careful consideration, we have determined that the treble damages statute set forth above is not applicable in the case of an easement. The Committee Comment to MCL 600.2919; MSA 27A.2919 indicates the nature of the action contemplated by that act:

"The material covered by subsection (1) of the statute was drawn from §§ 633.18 and 692.451 of the CL 1948. It was relocated in one paragraph since it deals with the same subject matter. The claims covered by this paragraph would originally, at the common law, have been brought as trespass *q.c.f.;* later, under the statute; they would have been brought as trespass under the statute; under the present law they would be brought as trespass on the case to real property; under the statute they would be brought as claims for injury to real property in a civil action."

In order to maintain an action in trespass *quare clausum fregit (q.c.f.),* the plaintiff "has the burden of showing title or possession of the property in himself". *Bradford v Goldman,* 290 Mich 338, 342; 287 NW 541 (1939), *O'Brien v Cavanaugh,* 61 Mich 368; 28 NW 127 (1886), *Ruggles v Sands,* 40 Mich 559 (1879), *Safford v Basto,* 4 Mich 406 (1857). Accordingly, it was up to plaintiffs below to establish that their rights in the easement equated to possession or title in the subject parcel.

In *Greve v Caron,* 233 Mich 261, 266; 206 NW 334 (1925), the Court quotes with approval from 19 CJ, p 966, emphasizing that "easements do not carry any title to the land over which the easement is exercised, and work no dispossession of the

owner". That being the case, plaintiffs' reliance on the treble damage statute is doomed when the language in *Moore v Pear,* 129 Mich 513, 515-516; 89 NW 347 (1902), is considered. "It was held by this court in the case of *Newcomb v Love,* 112 Mich [115,] 117; 70 NW 443 [1897], that trespass to real property can never be maintained 'when the possession of the property was in the defendant'." Accordingly, since defendants in the action at bar were in possession of the subject parcel, an action for trespass *quare clausum fregit* did not lie.

The foregoing conclusion was reached by the Supreme Court in *Hasselbring v Koepke,* 263 Mich 466; 248 NW 869 (1933). In that action, the plaintiff sought to enjoin interference with a claimed easement by the issuance of an injunction. In the course of its analysis, the Court stated the oft-cited principle that "the rights of the owner of the easement are paramount, to the extent of the grant, to those of the owner of the soil". *Id.,* 475. The Court emphasized that the owner of a fee, subject to an easement, may rightfully use the land for any purpose "not inconsistent with the rights of the owner of the easement". *Id.,* 476. However, the Court went on to emphasize, "Trespass to try title will not lie because there is no breach of the owner's possession" in the case of an easement. *Id.,* 476. The conclusion is that the lower court erred in assessing treble damages based on MCL 600.2919; MSA 27A.2919. An action for trespass *quare clausum fregit* does not lie in the case of an easement. Indications to the contrary by the Supreme Court are not dispositive. *Sullings v Carter,* 105 Mich 392, 394; 63 NW 411 (1895), *McMorran Milling Co v Pere Marquette R Co,* 210 Mich 381, 393; 178 NW 274 (1920).

The inapplicability of MCL 600.2919; MSA

27A.2919 in the case of an easement is reaffirmed by the language used by the Legislature. Throughout subsections (1)(a)-(c), reference is made to "another's land". The statute requires that permission must be secured from the "owner of the lands". Violation of this section exposes an individual to liability for three times the amount of actual damages "to the owner of the land". An exception to the treble damage requirement is carved out where the defendant had probable cause to believe that the land on which the trespass was committed was his "own". The pervasive theme throughout the legislative enactment was that one who injures the real property of another exposes himself to enhanced liability.

Similarly, having determined that plaintiffs are not entitled to triple damages, it cannot now be said that the verdict rendered in their favor is grossly inadequate as a matter of law.

Plaintiffs also contend that the opinion on damages did not specifically find what damages plaintiffs did incur, nor relate the money award to specific injurious consequences. We find this argument to be without merit. In the instant case, the trial court, sitting without a jury, made numerous findings as to the existence and future use of the easement. It further ordered the defendant to restore the easement and awarded the plaintiffs a blanket $1,500 as compensation for damages. A reading of the opinion as a whole indicates satisfactorily the choices made between competing factual premises so that we as an appellate court can test the validity of its evidentiary support. A review of the record leaves us with no definite and firm conviction that a mistake has been committed, which is necessary for the reversal of a trial judge's findings as being clearly erroneous. The

evidence as to damages incurred was conflicting. The trial court's resolution of the conflict has ample support in the record.

Although we question the necessity of the lower court's allowing defendant the option to reopen the case, we do not believe error was committed. In light of the injunction granted by the lower court, defendant would have redress in the form of contempt proceedings should plaintiffs violate that permanent restriction. The clause in the judgment merely reiterates the court's power. The lower court had the authority to issue such an order. *Detroit v Highland Park,* 186 Mich 166, 174; 152 NW 1002 (1915). Through its order, the lower court correctly recognized the principle that a servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement. *Bang v Forman,* 244 Mich 571; 222 NW 96 (1928), *Barbaresos v Casaszar,* 325 Mich 1; 37 NW2d 689 (1949).

The lower court's determination is affirmed.

Costs to be paid by plaintiffs.