# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL KOVACS,

       Plaintiff-Appellant,

v

MARK A. LESAR, DENISE K. LESAR, and D &
M GUNS,

       Defendants-Appellees.

UNPUBLISHED
December 19, 2017

No. 334570
Montmorency Circuit Court
LC No. 15-003768-CH

Before: MURPHY, P.J., and KELLY and SWARTZLE, JJ.

PER CURIAM.

Following a bench trial over the use of an easement granted to defendants, the trial court denied plaintiff's claims for injunctive and declaratory relief. Plaintiff appeals as of right, and we affirm.

## I. BACKGROUND

Plaintiff owns real property located at 5698 Mellberry Lane in Albert Township. His deed provides a 33-foot easement for the benefit of defendants. The scope of the easement had previously been established by a consent judgment between the parties as being for "ingress, egress and utilities." In July 2012, defendants Mark and Denise Lesar opened a retail gun shop, defendant D & M Guns, in their home. On July 16, 2015, plaintiff filed a complaint for declaratory judgment alleging that the easement in issue was granted "for residential purposes and not for the operation of a commercial enterprise" and that the operation of a commercial enterprise on defendants' property was outside the scope of the intended easement. Plaintiff further alleged that defendants' customers significantly overburdened the easement. Defendants countered that "[t]he easement is express and for the purpose of ingress and egress to the Defendants' property for any and all purposes associated with the use of that property."

The trial court concluded that the easement was "not limited to providing access to the defendants," and that the easement did not "expressly prohibit the ingress and egress of business invitees." Accordingly, the trial court concluded that the easement could be used "for reasonable business purposes." As for the use made of the easement by defendants' customers, the court concluded that this use would not overburden the easement, noting that defendant D & M Guns "operates during reasonable business hours" and, on average, no more than four or five cars pass over the easement each day.

-1-

## II. ANALYSIS

Plaintiff argues that the trial court clearly erred in finding that defendants' commercial use was permissible and that it did not overburden the easement. We disagree.

"The extent of a party's rights under an easement is a question of fact, and a trial court's determination of those facts is reviewed for clear error." *Blackhawk Dev Corp v Vill of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003). Questions of law are reviewed de novo on appeal. *Schadewald v Brule*, 225 Mich App 26, 35; 570 NW2d 788 (1997).

A court must look to the language of an easement to determine whether the use being made of an easement is permissible. *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003). "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Id*. If the language of the easement is ambiguous, however, "extrinsic evidence may be considered by the trial court in order to determine the scope of the easement." *Id*. "The scope of an easement encompasses only those burdens on the servient estate that were contemplated by the parties at the time the easement was created." *Wiggins v City of Burton*, 291 Mich App 532, 551-552; 805 NW2d 517 (2011).

The trial court concluded that the easement was unambiguous:

> The easement here unambiguously states that it is for ingress, egress and utility. The easement is not limited to providing access to the defendants. Nor does the language expressly prohibit the ingress and egress of business invitees. Enforcing the language as written, the Court finds that the easement may be used for reasonable business purposes.

In a footnote, the court stated, "Due to the clear and unambiguous language of the easement, the Court is unable to place any restrictions on it."

The terms "ingress" and "egress" are not ambiguous. Indeed, their meanings are well-established within the lexicon of property law. See, e.g., *Grinnell Bros v Brown*, 205 Mich 134, 137; 171 NW2d 399 (1919). Moreover, the terms are general in scope and not narrowed by any limiting language in the case at hand. See 1 Restatement Property, 3d, Servitudes, § 4.10, comment *d*, p 595 ("[T]he purpose of an easement for 'ingress and egress' may be specifically defined as the entrance and exit of people, or people and vehicles, or more generally defined as access to the dominant estate."). Further, the easement is silent with regard to its use for commercial purposes; it does not expressly permit or prohibit them. We therefore conclude that the trial court correctly determined that the easement language was unambiguous since the terms "ingress" and "egress" unambiguously confer a right of passage. *Grinnell Bros*, 205 Mich at 137. Absent limiting language, we conclude that to the extent there is concern with defendants' commercial use of the easement, that concern is better addressed in the context of determining whether the easement has become overburdened.

A permitted use may still be prohibited because it overburdens the easement. *Henkle v Goldenson*, 263 Mich 140, 143; 248 NW 574 (1933). Nonetheless, "[g]enerally, a mere increase in the number of persons using an unlimited right of way to which the land is subject is not an unlawful additional burden." *Id.* In *Henkle*, a landowner with the right to use a private road conveyed her interest to five individuals. *Id.* at 141-142. The Court held that the grant to those five persons did not overburden the easement. *Id.* at 143. Similarly, in *Morse v Colitti*, 317 Mich App 526, 538; 896 NW2d 15 (2016), parcels resulting from the division of a dominant estate holding an easement in a lake-access walkway each took an easement in the walkway. This Court found that the easement was not impermissibly overburdened by the mere increase in the number of persons using the walkway. *Id.* at 538-539. Nonetheless, using an easement for heavy machinery may overburden the easement. See *Tittiger v Johnson*, 103 Mich App 437; 303 NW2d 26 (1981).

Defendants' business operates during reasonable business hours—Tuesday through Saturday from 10:00 a.m. to 6:00 p.m.— and the business attracts less than four cars per day on average. There is no evidence that the business attracts heavy trucks or other heavy machinery. Given the limited impact defendants' business had on the easement, we conclude that the trial court did not clearly err in finding that defendants' business did not overburden the easement. Accordingly, we conclude that the trial court did not clearly err in rejecting plaintiff's claims for injunctive and declaratory relief. We note for the parties' benefit, however, that our affirmance of the trial court's ruling does not preclude a future claim if the easement becomes impermissibly overburdened.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle